(December 6, 1893.)

## BAKER v. KNOTT.

[35 Pac. 172.]

ADJOURNMENT OF DISTRICT COURT—JUDICIAL NOTICE—VACATING JUDGMENT—LACHES.—Where the record fails to show the date of the adjournment of the term of district court, at which the order vacating judgment was made, laches will not be presumed. This court cannot take judicial notice of the adjournment of the terms of the district courts.

(Syllabus by the court.)

APPEAL from an order of judge of District Court, Ada County.

Stewart & Borah and Alfred A. Fraser, for Appellant.

The defendant had knowledge of the default and judgment, and without protest allows execution to issue and his property to be sold thereunder, and we now claim that his motion for relief comes too late. (*Bailey v. Taaffe,* 29 Cal. 423; *Prather v. Hill,* 36 Ill. 402; *Voorhees v. Bank of United States,* 10 Pet. 447; *Landon v. Burke,* 33 Wis. 452; *McCormick v. Hogan,* 48 Md. 404; Black on Judgments, 313; *Altmann v. Gabriel,* 28 Minn. 132, 9 N. W. 633; *Groh v. Bassett,* 7 Minn. 254.) The defendant appeared in the cause by counsel. The remedy of the defendant then, under these conditions, was by a motion for a new trial. (*McKinley v. Tuttle,* 34 Cal. 235; *Heine v. Treadwell,* 72 Cal. 217, 13 Pac. 503; *McCullock v. Doak,* 68 N. C. 267; *Clark v. Wimberly,* 24 S. C. 138; *United States v. Wallace,* 46 Fed. 569; Freeman on Judgments, 105.) Negligence on the part of the defendant's attorney would not justify the court or judge in vacating the default and judgment. (*Haight v. Greene,* 19 Cal. 115; *Coleman v. Rankin,* 37 Cal. 247; *Ekel v. Swift,* 47 Cal. 620.) Negligence of the attorney is the negligence of the client, and a judgment will not be set aside on account of such negligence. (*Brumbaugh v. Stockman,* 83 Ind. 583; *Babcock v. Brown,* 25 Vt. 550, 60 Am. Dec. 290; *Foster v. Jones,* 1 McCord, 116; *Tarrant Co. v. Lively,* 25 Tex. Supp. 399; *Welch v. Challen,* 31 Kan. 696, 3

Pac. 314; *Gehrke v. Jod,* 59 Mo. 522; *Merritt v. Putnam,* 7
Minn. 493; *Jones v. Leech,* 46 Iowa, 186; Black on Judgments,
341.)   The affidavit of the defendant alleges that he did not
have time to prepare his defense, but if so, why did he not ask
the counsel for the plaintiff for more time in which to plead?
And if denied, why not apply to the court for such time as he
required?   In failing to do so he has lost any rights he may
have had.   (*Burke v. Pepper,* 29 Neb. 320, 45 N. W. 466;
*Bailey v. Taaffe,* 29 Cal. 422.)

E. J. Curtis and Texas Angel, for Respondent.

A judgment taken against respondent under the circum-
stances was irregular and void.   The withdrawal of his attor-
ney operated as a stay of proceedings until the appellant had
notified him in writing to appoint another attorney or appear
in person, and to have taken judgment against him at that
time was taken through his mistake, surprise, inadvertence and
excusable neglect.   (Rev. Stats., sec. 4229.)   The claim of
the appellant is that the neglect and ignorance of the attorney is
not sufficient ground for the court or judge to set aside the
judgment.   The supreme court of California have in a very
late case held that to be a sufficient ground, and would not
disturb an order of the lower court setting aside a judgment on
that ground.   (*Douglass v. Todd,* 96 Cal. 655, 31 Am. St. Rep.
247, 31 Pac. 623; *Underwood v. Underwood,* 87 Cal. 523, 25
Pac. 1065.)

HUSTON, C. J.—This is an appeal from an order of the
district judge of the third district, vacating judgment, rendered
in favor of the plaintiff, and against the defendant, at the
July term, 1892, of the district court for the county of Owyhee.
Suit was commenced by filing complaint, and issuing summons
on the eighth day of July, 1892.   Summons was served on the
twenty-second day of July, 1892, returned on the 23d same
month.   It would seem from the record that a demurrer was
filed by defendant, although none appears in the record, and
that the same was overruled, and on the second day of Au-
gust, 1892, default of defendant for want of answer and judg-
ment on default was entered against defendant for the sum of

$1,512, and costs. On January 30, 1893, the defendant filed his motion to vacate the judgment, and also an answer and affidavit of merits on the twentieth day of February, 1893. The judge of said district court, after hearing had upon said motion, made and entered his order vacating said judgment, and allowing defendant to answer the complaint in said action, upon terms. From said order of the judge of said district court this appeal is taken.

It is contended by appellant that more than five months having elapsed after the adjournment of the term of the district court at which said judgment was entered before application was made to vacate the same, and no reasonable excuse appearing for such delay, it was an abuse of discretion on the part of the district judge to allow said motion, and make the order vacating said judgment. The authorities cited by appellant would seem to support this contention; yet there is a principle underlying this class of cases which should not be overlooked—that is, that each case must be considered in the light of all the circumstances surrounding it. An appellate court will hesitate before deciding that the lower court, or the judge thereof, has abused its discretion in a matter in regard to which such court must of necessity have been better informed than the appellate court can be. Section 4229 of the Revised Statutes of Idaho provides, among other things, that "whenever, for any reason satisfactory to the court, or the judge thereof, the party aggrieved has failed to apply for the relief sought during the term at which such judgment, order, or proceeding complained of was taken, the court, or the judge thereof in vacation, may grant the relief upon application made within a reasonable time, not exceeding six months after the adjournment of the term." Now, the record nowhere shows upon what day said term of the district court adjourned. The judgment, it appears, was entered on the second day of August, 1892, and the motion to vacate was filed January 30, 1893, but the six months mentioned in the statute begin to run only from "the adjournment of the term." Having nothing, therefore, in the record, to warrant us in so doing, we can hardly say that any laches are strictly chargeable against the respondent; especially when the district judge has held otherwise, upon a

fuller knowledge of the facts than is attainable from the record before us.

The adjournments of the district court are matters of which this court has no judicial knowledge. That the July term of the district court for the county of Owyhee adjourned on some day between August 2, 1892, and January 30, 1893, is, perhaps, inferable from the record; but upon what particular day between these dates said district court adjourned is, from aught that appears in the record, purely a matter of conjecture. Under the rules of the district court of the third district, the action could not properly have been placed upon the calendar for the July term, except by consent of both parties. No such consent appears in the record, although the record does show that one Mr. Badger appeared and argued the demurrer, and submitted to a judgment against his client. But the defendant repudiates the action of Mr. Badger in the premises, and avers that he was misled by said Badger. Of all these matters the district judge was better informed than we can be by an inspection of this record. The affidavit and answer of the defendant certainly show a meritorious defense. We find nothing in the record that warrants us in disturbing the order and judgment of the lower court. The order of the district court is affirmed, with costs.

Morgan and Sullivan, JJ., concur.