(July 10, 1906.)

STATE, Respondent, v. S. W. COTTEREL et al., Appellants.

[86 Pac. 527.]

JOINT INFORMATION—GRAND LARCENY—SEPARATE VERDICTS—JURISDICTION—ADJOURNMENT OF TERMS—JUDICIAL KNOWLEDGE—INSTRUCTIONS.

    1. Where two defendants are jointly informed against and tried together for grand larceny, and the jury, under the instructions of the court, bring in a separate verdict against each, finding them guilty as charged in the information, and entitle each of the verdicts as though there were but a single defendant in the case, but name each of the defendants in the title; *Held,* that such verdicts

are not void for uncertainty, and the fact that said verdicts were so entitled could not and did not prejudice the defendants.

2. Where the jurisdiction of the court is attacked on the ground that the term of court at which certain defendants were sentenced had elapsed before the sentence was pronounced by reason of the fact that the term in an adjoining county (under the settings of the terms by the judge) was to begin on the day that the court adjourned its term, and the record fails to show whether such term in the latter county had been adjourned prior to the adjournment of the term in the county where the defendants were convicted, the presumption will be that the court acted legally in the matter and had jurisdiction to pronounce and enter judgment.

3. This court cannot take judicial notice of the adjournment of the terms of the district courts. Such facts may be presented, as other facts are presented, on appeal.

4. Where it is alleged in the information that the ownership of the stolen property is in one person, and on the trial another person testifies that he owns a half interest in such property, and thereafter the former is recalled and explains the ownership of each, and the question of ownership is fairly submitted to the jury upon the evidence, and by an instruction given by the court. *Held*, that such instruction was properly given.

5. Where it is alleged in the information that the stolen property is owned by a certain person and the evidence shows that such person only has a half interest therein, such variance is not fatal, and does not entitle the defendant to an acquittal.

6. Where the court fairly covers every point in the case by instructions given on its own motion, it is not error to refuse to give instructions requested by counsel for the defendant covering the same point and questions.

7. *Held*, that under the evidence and affidavits of newly discovered evidence and errors assigned in admitting and rejecting evidence, the court did not err in denying a new trial.

(Syllabus by the court.)

APPEAL from the District Court of the Fifth Judicial District for Bannock County. Hon. Alfred Budge, Judge.

The defendants were convicted of grand larceny and sentenced to a term of eighteen months' imprisonment. *Affirmed*.

S. C. Winters and Hawley, Puckett & Hawley, for Appellants.

The test as to whether a verdict is sufficiently clear as to its import is, whether a conviction thereof could be successfully pleaded in bar of another prosecution for the same offense. (*Chambers v. People,* 4 Scam. 351; *Bland v. State,* 4 Tex. App. 15; *People v. Ah Ye,* 31 Cal. 452.)

The term of a district court in one county in a district cannot continue beyond the commencement of a term in another county in the same district. (*Cooper v. American Cen. Ins. Co.,* 3 Colo. 318; *Gregg v. Cook,* Peck (7 Tenn.), 82; *Grable v. State,* 2 Greene (Iowa), 559.)

The ownership must be proved as alleged, and it had not so been proved. (*People v. Bogart,* 36 Cal. 245.)

Our practice forbids, in a criminal cause, a summing up of the evidence by the court, or any statement of the evidence that might prejudice the jury. While subdivision 6 of section 7855, Revised Statutes, says the judge may state the testimony and declare the law, it especially prohibits him from charging as to facts, and such an instruction as No. 7 is in effect an instruction as to facts. (*People v. Barry,* 31 Cal. 357; *People v. Christenson,* 85 Cal. 568, 24 Pac. 888; *People v. Casey,* 65 Cal. 260, 3 Pac. 874; *People v. Cowgill,* 93 Cal. 596, 29 Pac. 228; *People v. Kindlegerger,* 100 Cal. 367, 34 Pac. 852; *People v. Murray,* 86 Cal. 31, 24 Pac. 802; *People v. Matthia,* 135 Cal. 442, 67 Pac. 694.)

J. J. Guheen, Attorney General, Geo. E. Gray, County Attorney, and Standrod & Terrell, for Respondent.

Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right. (*State v. Ellington,* 4 Idaho, 529, 43 Pac. 61; *In re Dowling,* 4 Idaho, 715, 43 Pac.

871; *State v. Larkins*, 5 Idaho, 200, 47 Pac. 949; *In re Marshall*, 6 Idaho, 516, 56 Pac. 470; *Territory v. Anderson*, 2 Idaho, 573, 21 Pac. 417; *State v. Preston*, 4 Idaho, 215, 38 Pac. 694; *State v. Reed*, 3 Idaho, 754, 35 Pac. 706; *State v. Clark*, 4 Idaho, 7, 35 Pac. 710.)

A verdict is to have a reasonable intendment, and is to receive a reasonable construction, and must not be avoided except from necessity. (Clark's Criminal Procedure, p. 486. and notes; *Polson v. State*, 137 Ind. 519, 35 N. E. 907; *Chambers v. Butcher*, 82 Ind. 508; *Daniels v. McGinniss*, 97 Ind. 549; *People v. Ah Kim*, 34 Cal. 189; *People v. Purdue*, 49 Cal. 425; *People v. McCarty*, 48 Cal. 557; *Hroneck v. People*, 134 Ill. 139, 23 Am. St. Rep. 652, 24 N. E. 861, 8 L. R. A. 837; *People v. Whitney*, 64 Cal. 211, 27 Pac. 1104; *People v. West*, 73 Cal. 345, 14 Pac. 848.)

Where two are tried jointly for robbery, the jury may return at the same time two separate verdicts. (*Cruce v. State*, 59 Ga. 83.)

It must be presumed that what was done by the court below was properly and legally done. Error is not to be presumed, but when alleged it must be affirmatively shown. (*Talbert v. Hopper*, 42 Cal. 397; *People v. Ah Ying*, 42 Cal. 18; *State v. Montgomery*, 8 Kan. 351; *State v. Palmer*, 40 Kan. 474, 20 Pac. 270; *State v. Rogers*, 56 Kan. 362, 43 Pac. 256.) Even if the evidence had shown that the son of the prosecuting witness had an interest in the horse in question, there would not be a variance that would fatally affect the judgment in this case. (*State v. Ireland*, 9 Idaho, 686, 75 Pac. 257; *State v. Rooke*, 10 Idaho, 388-404, 79 Pac. 82; *State v. Rathbone*, 8 Idaho, 161, 67 Pac. 186.)

When the court trying the case fully and fairly instructs the jury in writing upon every question arising on the trial, it is not error to refuse instructions submitted by the defendant or prosecution. (*State v. Rooke*, 10 Idaho, 388, 79 Pac. 82; *People v. Barnard*, 2 Idaho, 193, 10 Pac. 30.)

Requested instructions already substantially given are properly refused. (*State v. Cushing*, 14 Wash. 527, 45 Pac.

145; *People v. Thiede,* 11 Utah, 241, 39 Pac. 837; *State v. Cushing,* 17 Wash. 544, 50 Pac. 512.)

Where full and accurate instructions are given, it is not error to reject charges asked, even though they are technically correct. (*People v. Chadwick,* 7 Utah, 134, 25 Pac. 737; *State v. Ward,* 19 Nev. 297, 10 Pac. 133; *People v. Ah Jake,* 91 Cal. 98, 27 Pac. 595.)

SULLIVAN, J.—The defendants in this action were informed against jointly, and tried together and convicted of grand larceny on the fifteenth day of September, 1905, for stealing a certain mare. The jury brought in two verdicts, which are as follows:

"State of Idaho, Plaintiff, v. S. H. Cotterel, Defendant.

### VERDICT.

We, the jury in the above-entitled cause, find defendant guilty of grand larceny, as charged in the information."

"In the District Court of the Fifth Judicial District of the State of Idaho, and for Bannock County.

State of Idaho, Plaintiff, v. S. W. Cotterel, Defendant.

### VERDICT.

We, the jury in the above-entitled cause, find defendant guilty of grand larceny as charged in the information."

Thereafter, and on November 1, 1905, the defendants were sentenced to serve a term of eighteen months in the state penitentiary. On the thirty-first day of October, 1905, the defendants moved for a discharge on the grounds that no judgment could be entered on the verdicts, for the reason that neither of said verdicts refer to the cause in which the defendants were tried, or in any wise connect said verdicts with the cause upon trial, or with the information against the defendants, and that each of said verdicts were void for uncertainty, which motion was overruled. A motion for a new trial was also overruled. The appeal is from the judgment.

Several errors are specified, but ·the first considered is to the form of the verdicts. It is contended by counsel for appellant that the case tried was entitled, "State of Idaho v. S. H. Cotterel and S. W. Cotterel," and it will be observed from the form of the verdicts above quoted that in the title S. W. Cotterel is named as defendant in one and S. H. Cotterel in the other; and it is contended by counsel for appellants that ·each of said verdicts refer to some other cause than the one upon which the defendants are being tried. It would seem very peculiar if a jury sat and heard one case and rendered a verdict in another. That is what counsel says was done in this case. But we find in the record that the court very clearly advised the jury as to the different verdicts which they might find in the case. The defendants S. H. and S. W. Cotterel were the only defendants on trial. The jury entitled one verdict, "State v. S. H. Cotterel," and the other verdict was entitled, "S. W. Cotterel," in which verdicts they found each of the defendants guilty and each verdict was properly signed by their foreman. It certainly cannot be seriously contended that the jury did not intend to, and did not, find both of the defendants guilty of grand larceny as charged in the information. The fact that the jury entitled each verdict in the name of a separate defendant did not and could not prejudice the defendants. Section 8236, Revised Statutes, provides that: "Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right." There is no merit in this contention.

The next contention is that the court did not have jurisdiction to pass judgment or sentence upon the defendants. It is contended that the defendants were convicted at the September, 1905, term of the district court of Bannock county, and that said term expired by limitation of law on September 19th, and that after 12 o'clock P. M., of said nineteenth day of September, an order was made adjourn-

ing said term of court until the thirtieth day of October, 1905. That a term of court had been set theretofore for Bear Lake county in said judicial district, to begin on September 19, 1905, at 10 o'clock A. M. of that day, and that said order had not been set aside, or that said court had not been adjourned. That after the Bear Lake term mentioned had been held, the court reconvened in Bannock county on said thirtieth day of October, and the defendants were brought up for sentence on the verdict of September 15th, and that sentence was actually passed on November 1st. There is nothing in the record to support the contention that the term of the district court in which the case was tried was adjourned after 12 o'clock of the nineteenth day of September, 1905, and there is nothing in the record to show that the Bear Lake term had not been adjourned over that day. We cannot presume that the court would violate the statute. Section 3832, Revised Statutes, is as follows: "The court may adjourn from time to time during the term, and may, when the public convenience requires, adjourn the term over the time fixed by law for the commencement of another term in the same district."

It was said in *Talbert v. Hopper,* 42 Cal. 397, as follows: "There is nothing in the record before this court to show that the terms and conditions of this act (of the legislature) have not been fully answered, and in the absence of such showing in the record, it must be presumed that what was done by the court below was properly and legally done. Error is not to be presumed, but when alleged it must be affirmatively shown." The "act" referred to by the court in that case corresponds substantially to said section 3832. (See, also, *People v. Ah Ying,* 42 Cal. 18; *State v. Montgomery,* 8 Kan. 351; *State v. Palmer,* 40 Kan. 474, 20 Pac. 270; *State v. Rogers,* 56 Kan. 362, 43 Pac. 256.)

In *Baker v. Knott,* 3 Idaho, 700, 35 Pac. 172, this court held that where the record failed to show the date of the adjournment of a term of the district court, at which an order was made vacating a judgment, laches will not be presumed,

and that this court cannot take judicial notice of the adjournment of terms of the district courts. That being true those matters must be brought to this court by bill of exceptions, or in some legal manner, before they can be considered on appeal.

Counsel also contends that there was error in giving instruction No. 4a, which instruction is as follows: "As to the ownership of the mare described in the information the jury, in order to convict, would have to find that the mare, at the time she was taken by the defendants, was the property of George E. Hellewell. You have heard the testimony of the witnesses George E. Hellewell, and his son, in this respect. You have heard the witness George E. Hellewell state what the arrangement was between him and his son with reference to the horses, which in effect was that his son should gather the horses of the quarter circle 76 brand, and that when the same were gathered and sold that his son should have the one-half of the proceeds therefrom. Now, if this were the case, such an agreement with his son would not constitute any ownership in the son until the horses were gathered, and if you should find that the horses were taken before they were gathered or before young Hellewell had done anything with reference to carrying out the agreement between him and his father, then there would be no ownership in the property of the mare taken except that of George E. Hellewell."

It is alleged in the information that the ownership of the mare stolen was in G. E. Hellewell. Hellewell was called as the first witness for the prosecution, and was asked no question in regard to the ownership of the mare. He testified, however, that his son had an interest in her. The son, James Hellewell, was placed upon the stand and testified that he was part owner of these horses; that he had a half interest in them. G. E. Hellewell was recalled by the prosecution and testified as to the interest his son had in the horses, and testified as follows: "The arrangements between me and my son were these: Some time about ten days before the time of the hearing of this cause, we were thinking of gathering

the horses and disposing of all of them; I was busy and could not do the riding myself, and me and my wife talked about it first, and he had been doing quite a bit of riding, and we thought it would encourage him to give him an interest in what he was doing, and we concluded that we would give him half of what he could gather of these horses, and we would sell them and he could have half of it for gathering them. Up to the time of the taking of these horses there had been nothing done toward gathering them; I had gathered none and disposed of none up to that time. He has done, you might say, all of the riding before this time. I had been in the use of this brand for fourteen or fifteen years.''

The instruction above quoted went to the ownership of the stolen mare, and was properly presented to the jury and fairly covered the evidence upon that proposition. Under that instruction the jury had to find in whom the ownership of the stolen property was at the time it was taken, and the instruction given was a correct statement of the law as applied to the evidence in this case. And even if the father only owned a half interest in the mare, the variance between the allegation in the information that he owned her, and with the evidence in the case that he only owned a half interest in her, would not be such a variance as would entitle the defendants to an acquittal. His owning a half interest and not a whole would not be a variance sufficient to fatally affect the judgment in the case. (*State v. Ireland*, 9 Idaho, 686, 75 Pac. 257; *State v. Rooke*, 10 Idaho, 388-404, 79 Pac. 82; *State v. Rathbone*, 8 Idaho, 161, 67 Pac. 186.)

There were ten instructions offered by the defendants which the court refused to give. Upon a careful review of the general instructions given by the court, we find that they fairly cover every point contained in the instructions tendered by the defendants and refused by the trial court. For that reason the court did not err in refusing to give them.

This court held in *State v. Rooke*, 10 Idaho, 388, 79 Pac. 82, that ''where the court trying the case fully and fairly instructs the jury in writing upon every question arising on

the trial, it is not error to refuse instructions submitted by the defendants covering the same ground." (See, also, *People v. Barnard*, 2 Idaho, 193, 10 Pac. 30.)

A motion for a new trial was made and is based largely on the insufficiency of the evidence to justify the verdict, and some alleged errors in rejecting or admitting certain evidence offered and affidavits of newly discovered evidence. We have gone over the evidence and affidavits filed on motion for a new trial very carefully, and we are unable to say that the court committed any error in denying a new trial; and, in fact, it is clear to us that there is no error in the record. The judgment must be affirmed, and it is so ordered.

Stockslager, C. J., concurs.

Ailshie, J., took no part in the decision.