391 P.2d 846

STATE of Idaho, Plaintiff-Respondent,

v.

Sherman Talmadge PETERSON, Defendant-Appellant.

No. 9167.

Supreme Court of Idaho.

April 23, 1964.

Kent B. Power, Boise, for appellant.

Allen G. Shepard, Atty. Gen., Thomas G. Nelson, Asst. Atty. Gen., Boise, C. Robert Yost, Prosecuting Atty., Caldwell, for respondent.

McFADDEN, Justice.

Defendant Peterson, the appellant herein, was found guilty by a jury of the crime of burglary in the second degree, and appeals from the judgment of conviction entered by the court.

By his first assignment of error, appellant contends the trial court lacked jurisdiction to arraign him on the information, and erred in denying his motion to quash it. The record before this court shows that a preliminary examination was held on February 21, 1961, before a justice of the peace, sitting as a committing magistrate; that a transcript of such preliminary hearing was filed in the District Court on March 9, 1961; that the same day an information charging appellant with the crime of burglary in the second degree was filed; that the information recites that the appellant was by the said justice of the peace

" * * * held to answer said charge in this court * * *"; that on March 10, 1961, the court proceeded with the arraignment, appellant being present with his counsel, at which time the court inquired as to appellant's correct name, and advised appellant of the nature of the crime charged in the information; a true copy of the information was served on appellant and read to him. At this time appellant refused to plead to the information and the court ordered a plea of "not guilty" be entered. On October 30, 1961, appellant moved that the information be quashed asserting the Court had no jurisdiction by reason of failure to comply with the law as to preliminary examinations.

It is to be noted that no question has been raised as to the sufficiency of the committing magistrate's order of commitment nor has any issue been presented as to the accuracy of the transcript of the proceedings taken at the preliminary examination which was certified by a Mr. Halliburton, the stenographer, but not by the committing magistrate.

I.C. § 19–812 requires that on a preliminary examination the testimony must be reduced to writing by the magistrate or under his direction or taken in shorthand by a stenographer and transcribed. If it is taken by a stenographer and transcribed the record must be certified by the magistrate and the stenographer, but if the stenographer who takes the record is the "county stenographer", it need only be certified by him. I.C. § 31–2608 provides that the board of county commissioners may " * * * employ competent stenographers at a compensation, to be fixed by said board, to take and transcribe testimony at preliminary hearings or examinations." Appellant has presented no affidavit or any proof that Mr. Halliburton, who certified the transcript, was not acting as a "county stenographer". The mere fact that his certificate did not recite he was a county stenographer is insufficient reason to quash the information. The appellant has the burden of showing affirmatively that there was error, for error is not presumed on appeal. State v. Dawson, 40 Idaho 495, 235 P. 326; State v. Marks, 45 Idaho 92, 260 P. 697; State v. Mundall, 66 Idaho 297, 158 P.2d 818; State v. Shaw, 69 Idaho 365, 207 P.2d 540; State v. Cofer, 73 Idaho 181, 249 P.2d 197.

Appellant assigns as error the admission into evidence in the state's case in chief of four exhibits that were identified as having been taken from the Idaho Department Store where the crime was alleged to have been committed. It is his contention that these exhibits had no probative value to the issues, were inflammatory, and that no proper foundation was laid for their admission. The appellant was observed to enter a door of the Idaho Department Store, giving access to the alley running alongside

the building. He was later seen leaving the store from the same door carrying one or two boxes described as being comparable to two of the exhibits. The appellant proceeded down the alley and entered a car with two other persons. The car was kept under observation until appellant was arrested and the four exhibits obtained. The burden was on the state to prove as an element of the crime of burglary that the premises were entered with an intent to commit either a larceny or felony. These exhibits were identified by the store manager as coming from the Idaho Department Store. In State v. Farris, 48 Idaho 439, 446, 282 P. 489, 492, this court stated that " * * * any legal evidence which logically tends to prove or to disprove a material fact in issue is relevant and therefore admissible * * * ". See also, Bell, Handbook of Evidence for the Idaho Lawyer, Ch. 6, pp. 101, 102. These exhibits were properly admitted as relevant to the issue of appellant's purpose for entering the store. The testimony of the store manager and that of the police officer, who took the exhibits into his possession at the time of the arrest, was sufficient to establish the necessary connection and identification for their admission. We do not agree that the admission of the exhibits was inflammatory or prejudicial.

 Defendant's third assignment of error is directed to admitting into evidence two shirts during the state's case on rebuttal. After the state rested its case in chief, appellant testified that he had entered the Idaho Department Store and purchased a handkerchief and a cheap shirt. The arresting officer on rebuttal, however, testified that upon examination of the car in which appellant was found at the time of his arrest, he found only two shirts, being the exhibits attacked by this assignment of error. The assistant manager of the department store testified that these two shirts did not come from his store, and that they were a great deal more expensive than the shirt that appellant testified he had purchased. Either party to a criminal action is entitled to present rebuttal evidence to explain, repel, counteract or disprove evidence introduced by the other party. People v. Page, 1 Idaho 189, 194, 195; State v. Mushrow, 32 Idaho 562, 564, 185 P. 1075; State v. Martinez, 43 Idaho 180, 197, 250 P. 239; State v. Orr, 53 Idaho 452, 458, 24 P.2d 679. The evidence tended to impeach appellant's testimony as to his intent or purpose in entering the store. Admission of this evidence was not error.

 The final assignment of error challenges the sufficiency of the record to sustain the appellant's conviction. Appellant asserts in this regard that there is no evidence that defendant entered the Idaho Department Store with any felonious or unlawful intent. I.C. § 18–1401, which defines the crime of burglary, incorporates as one

**152**

of the essential elements of that crime that the entry be made " * * * with intent to commit grand or petit larceny or any felony * * *". In this cause, one of the state's witnesses testified he saw appellant enter the rear door of the building, which was used for deliveries of merchandise, and which door opened into the stock room of the Idaho Department Store. This witness further testified he saw the appellant emerge from this door a few moments later carrying one or two boxes. Defendant denies this, but testified that he entered the front door of the building with the intent of purchasing a handkerchief, and that he did make such a purchase and also purchased a cheap shirt. Appellant sought to impeach the testimony of the State's witness, claiming he had changed his story; the State sought to impeach appellant's testimony by the evidence introduced as to the two other shirts found in the car, and that no cheap shirt was found in the car at the time of the arrest. The issues presented by the conflicting stories and the credibility of the witnesses were for resolution by the jury. I.C. § 9–201. State v. Johnson, 77 Idaho 1, 8, 287 P.2d 425, 51 A.L.R.2d 1386; State v. Bedwell, 77 Idaho 57, 61, 286 P.2d 641; State v. Anderson, 82 Idaho 293, 306, 352 P.2d 972. The jury resolved this issue in favor of the State. The surrounding circumstances, and the record as a whole indicate sufficient evidence of appellant's intent upon entry into the store to commit the crime of larceny.

Ex parte Seyfried, 74 Idaho 467, 470, 264 P.2d 685; State v. Johnson, supra. There being substantial, competent evidence to sustain the verdict, it will not be disturbed on appeal. State v. Polson, 81 Idaho 147, 164, 339 P.2d 510.

Judgment of conviction affirmed.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.