643 P.2d 78

STATE of Idaho, Plaintiff-Respondent, Cross-Appellant,

v.

Darrell Wayne MASON, Defendant-Appellant, Cross-Respondent.

No. 13205.

Supreme Court of Idaho.

March 3, 1982.

John H. Norton, Moscow, for defendant-appellant, cross-respondent.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Kenneth R. McClure, Deputy Atty. Gen., Boise, for plaintiff-respondent, cross-appellant.

DONALDSON, Judge.

■ Defendant filed a notice of appeal from a district court decision on appeal entered on December 11, 1978. Such a decision generally would be appealable to this Court under I.A.R. 11(c)(1). However, in this case, a deficient record precludes complete review as a matter of right and we decline to exercise our grant of plenary jurisdiction under article 5, § 9 of the Idaho Constitution to review the merits. We consider it essential to an orderly appellate system not to lightly invoke our plenary power where compliance with the mechanism for appeal as of right would adequately provide for review. This case began in the magistrates division and was appealed from there to the district court. The appellate record does not contain any judgments in the magistrates division which were entered prior to the decision by the district court. Without such judgments, the appellate jurisdiction of the district court is not established.[1]

---

1. I.C. § 1–2213(1) provides that "[a]ppeals from final judgments of the magistrate's division shall be taken and heard in the manner prescribed by law or rule." The rules which govern appeals from the magistrates division to the district court and ultimately to this Court

■ We hold that in a criminal case such as this to establish appellate jurisdiction in the district court that the clerk's record must include the final judgments of conviction.[2] *Cf. State v. Wagenius*, 99 Idaho 273, 581 P.2d 319 (1978) (the Court found a *de facto* judgment of conviction was appealable). This jurisdictional issue was raised by this Court *sua sponte* prior to and again at oral argument. Neither counsel for the appellant nor the State provided an adequate explanation for the deficient record.

■ Related to this question of the district court's jurisdiction is that of this Court's appellate jurisdiction. I.A.R. 28(a)(2) lists those documents and pleadings which are automatically included in the clerk's record in criminal cases and proceedings. Among them is to be "[t]he judgment or order withholding judgment." I.A.R. 28(a)(2)(E). This record as certified by the clerk of the district court does not contain any judgments entered prior to the district court decision. I.A.R. 28(g). Since the record does not establish the appellate jurisdiction of the district court, the district court decision on appeal must be vacated. In so ruling, it necessarily follows that the appeal as a matter of right on the merits does not exist to this Court.

We, therefore, vacate and remand to the district court for a determination in accordance with this opinion of the issue of its jurisdiction.

SHEPARD, J., and McQUADE, J., Pro Tem, concur.

BAKES, Chief Judge, dissenting.

This Court clearly has jurisdiction over this appeal under Art. 5, § 9, of the Idaho Constitution, which provides that "the Supreme Court shall have jurisdiction to review, upon appeal, *any decision* of the district courts, or the judges thereof . . . ." *State v. Lewis*, 96 Idaho 743, 536 P.2d 738 (1975); *State v. Berlin*, 95 Idaho 225, 506 P.2d 122 (1973). In this case the district court entered its "decision," and under Art. 5, § 9, of the Constitution we have jurisdiction to review that decision. Nevertheless, the majority opinion concludes that "[s]ince the record does not establish the appellate jurisdiction of the district court, . . . it necessarily follows that the appeal as a matter of right on the merits does not exist to this Court." The majority cites no authority for this proposition; indeed, as a *non sequitur*, there is none.

must therefore be examined. Up until July 1, 1980, the Criminal Appellate Rules applied to criminal appeals from the magistrates divisions to the district courts and to this appellant's appeal to the district court. Rule 3(1) permits an appeal "[f]rom a final judgment of conviction." Rule 9 relates to the record on appeal and requires that "[c]ivil rules of appeal of district court shall be applicable . . . ." I.R.C.P. 83(n) states that "[t]he official court file of any court proceeding appealed to the district court, including any minute entries or orders together with the exhibits offered or admitted shall constitute the clerk's record in such appeal." Rule 32(b) of the Rules of Criminal Practice and Procedure (rescinded effective July 1, 1980) and I.C.R. 33(b) (effective July 1, 1980) both mandate that a *"judgment shall be signed by the judge and entered by the clerk."* (Emphasis added.)

2. This Court has previously provided guidance with respect to what constitutes a final judgment of conviction.

"The language in Criminal Appellate Rule 3, listing orders appealable from the magistrates division to the district court is identical to the language in I.C. § 19–2803 (repealed 1977) listing the orders appealable from the district court to this Court. Therefore, we hold that their meanings are identical and that our construction of the term 'final judgment of conviction' found in I.C. § 19–2803 (repealed 1977) is also applicable to that same term in Criminal Appellate Rule 3." *State v. Wagenius*, 99 Idaho 273, 275, 581 P.2d 319, 321 (1978).

Under I.C. § 19–2803, a minute entry reciting an order of the district court was not a judgment appealable to this Court. *State v. Barnard*, 13 Idaho 439, 90 P. 1 (1907).

"In the absence of an express statute or rule, no appeal will lie from anything other than a formal written order or judgment signed by the judge and filed in the case or entered upon the records of. the court and signed by the judge thereof. . . . [Citations omitted.] An oral ruling by the trial judge is not a final judgment. It is merely evidence of what the court had decided to do but he can change such ruling at any time before the entry of a final judgment." *State v. Morris*, 69 N.M. 89, 364 P.2d 348, 349 (1961).

I.A.R. 11(c)(1) is dispositive of the issue of whether the appellant was entitled to appeal from the district court's decision as a matter of right. Rule 11(c)(1) provides that "an appeal as a matter of right may be taken to the supreme court from ... decisions by the district court on criminal appeals from a magistrate, either dismissing the appeal or affirming, reversing or remanding." This appeal is from a "decision by the district court on [a] criminal appeal from a magistrate ... affirming ...." Thus, not only does this Court have jurisdiction, but the appellant was entitled to appeal to this Court as a matter of right. Therefore, on the basis of I.A.R. 11(c)(1), the majority opinion is clearly wrong when it states that appeal to this Court does not exist as a matter of right.[1]

However, that appeal to this Court existed as a matter of right is not to say that this Court must inevitably reach and address the assignments of error raised by the appellant. If there is something wrong with the record on appeal, or if the district court should not have entertained the appeal on the record which was before it, some other action by this Court may be appropriate such as dismissing the appeal, or ordering the record to be augmented. But that has nothing to do with this Court's jurisdiction, nor has it anything to do with

the fact that the parties were entitled to appeal the decision of the district court to this Court as a matter of right under I.A.R. 11.

Is there really a procedural problem in this case? The majority opinion says there is because of the fact that the judgment of conviction entered by the magistrate's court is not contained in the record on appeal. Not finding the judgment of conviction in the record, the majority concludes, again without citing any authority, that the district court on appeal was without jurisdiction. That conclusion is wrong for two reasons. First, the magistrate court's judgment and sentence are clearly reflected in the record, and, secondly, even if they were not, that would not affect the district court's jurisdiction to hear the appeal.

First, as to the record of the court's judgment and sentence, the minutes of the court reflect what the judgment and sentence are:[2]

"THE COURT ORDERED: That the Defendant be fined in this manner:

"Count I—18–6409—$100 fine

Count II—49–1004—$150 fine

Count III—49–1006—$75 fine

Count IV—49–1102—$300 fine—6 months suspended jail sentence. Probation for one Year to Josie Sanchez. Attend Court Alcohol School in Pocatello.

---

1. Hypothetically, the state could have appealed the district court decision on either of two grounds: the state could have appealed the district court's reversal of two of the defendant's five convictions; or, the state could have challenged the jurisdiction of the district court to hear the appeal from the magistrate division. Although the state did neither, such appeal by the state would have existed as a matter of right. I.C. § 19–2801; I.A.R. 11(c)(1). That the defendant was the appellant herein does not change the fact that under I.A.R. 11(c)(1) this appeal is permitted as a matter of right.

2. "ORDER: Court found the Defendant guilty of all charges on all counts. A Motion to appeal was made by Mr. Monaghan. The court was requested by counsel for sentencing now, at this time. Defendant waived the pre-sentence report. He has a prior conviction for Driving While Intoxicated in May of 1973. He waived the statutory waiting period before sentencing and asked for sentencing now at this time.

"THE COURT ORDERED: That the Defendant be fined in this manner:
Count I—18–6409—$100 fine
Count II—49–1004—$150 fine
Count III—49–1006—$75 fine
Count IV—49–1102—$300 fine—6 months suspended jail sentence. Probation for one Year to Josie Sanchez. Attend Court Alcohol School in Pocatello.
Count V—18–6409—$75 fine plus court costs combined on all charges for a grand total of $707.50.
"Mr. Monaghan's Motion for Judgment of acquittal is denied. Also his motion for new trial is denied. Motion and Order for stay of Judgment pending appeal. Bond Posted in this matter in the amount of $350.00 will continue pending the appeal.
"DATED this 21st day of November, 1975.
(Signed) Marian Goodwin
Deputy Clerk"

Count V—18–6409—$75 fine plus court costs combined on all charges for a grand total of $707.50."

Furthermore, the record before this Court contains the defendant's motion made in the magistrate's court "for a stay of judgment ... pending appeal," and the magistrate's order "that the judgments entered this day and the execution thereof is [sic] stayed pending appeal." Also in the record is the district court's Decision on Appeal which states that the "[d]efendant filed an Amended and Supplemental Notice of Appeal, appealing from the Judgments entered and enumerated Orders of the Court relating to Defendant's Motions to Dismiss, denying motion to suppress, motion for judgment of acquittal, and motion for acquittal and motion for new trial." Therefore, the record itself shows that the magistrate's court did enter judgments of conviction on the various counts in the amended complaint prior to the appeal to the district court.

Even assuming that there was no judgment of conviction entered below, there can be a final disposition which is appealable without a judgment of conviction. In *State v. Wagenius*, 99 Idaho 273, 581 P.2d 319 (1978), we held that where a magistrate court had withheld judgment pursuant to I.C. § 19–2601, but nevertheless imposed sanctions as a condition of probation, the magistrate court had made a final determination of the cause, and an appeal would lie from that action. Therefore, the absence of a final judgment of conviction from the record does not necessarily mean that the trial court has not made a final disposition of the matter which is appealable. Nor does it mean that the district court had no jurisdiction to hear an appeal from the magistrate court; otherwise this Court would not have heard the appeal in *Wagenius*.

Furthermore, in addition to appealing to the district court from the conviction and sentence imposed by the magistrate, the defendant in this case appealed to the district court from the denial by the magistrate of several other post-judgment mo-

tions made by the defendant, including a motion for new trial. Criminal Appellate Rule 3(2), in effect when defendant appealed to the district court, specifically provides that an appeal may be taken to the district court from an order denying a motion for new trial. Thus, in this case the district court had jurisdiction to entertain the appeal to consider the order of the magistrate denying a motion for new trial, independent of the authority of the district court to review on appeal the judgment and sentence which was imposed against the defendant. *See* I.C.R. 54(a)(1); *State v. Wagenius, supra.*

Reduced to its simplest, the problem raised by the majority only requires this Court to decide between two alternatives— either (1) order the record augmented if the Court deems the absence of the magistrate's judgment of conviction to be necessary in order to review the appellant's assignments of error, or (2), if the judgment itself is necessary to decide the issue raised, and if the appellant after notice doesn't supply it, then dismiss the appeal for lack of an adequate record. Our prior cases have clearly stated that it is the appellant's obligation to present the reviewing court with an adequate record, and if the appellant fails to bring an adequate record before this Court the appeal will be dismissed. *See State v. Sima*, 98 Idaho 643, 570 P.2d 1333 (1977); *accord, State v. Cotton*, 100 Idaho 573, 602 P.2d 71 (1979); *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). Therefore, if the majority's concern is that the appellant has failed to include the judgments in the record, and that those judgments of conviction are necessary to resolve the issues raised on appeal, our prior cases suggest that the appeal should be dismissed.

There is a presumption of regularity which attaches to the trial court's actions. *See State v. Thomas*, 94 Idaho 430, 489 P.2d 1310 (1971); *State v. Peterson*, 87 Idaho 147, 391 P.2d 846 (1964); *State v. Mundell*, 66 Idaho 297, 158 P.2d 818 (1945) (in absence of any positive showing as to what actually occurred, presumption must be indulged in favor of trial court's action);

*State v. Cotterel,* 12 Idaho 572, 86 P. 527 (1906) (presumption will be that the court acted legally in the matter and had jurisdiction to pronounce and enter judgment). In the absence of an affirmative showing in the record that no final disposition was made by the magistrate's court, we must presume regularity, particularly in view of the magistrate and district courts' references to the "judgments entered" by the magistrate. It is significant that neither party before this Court has raised the question of the finality of the magistrate court's disposition of this criminal matter, the jurisdiction of either this Court or the district court, and neither raises the appealability question.

All our precedent dictates that we consider the merits of this case. However, if there is a defect in the record which impedes this Court's ability to reach a decision on the issues raised by the appellant, the defect can easily be corrected by an order to augment the record. However, the issues raised by the appellant on appeal appear to have nothing to do with the judgments of conviction themselves, but rather raise issues relating to procedural matters which occurred prior to entry of the judgments of conviction.[3] On appeal, the district court set aside the conviction on two of the counts and affirmed the convictions on Counts II, III and IV relating to driving while intoxicated, leaving the scene, and failure to report an accident. Since the presence in the record of the three remain-

ing judgments of conviction are unrelated to the issues raised, and since the court's action is clearly reflected in the court's minutes, we should address the issues on this appeal.

McFADDEN, J., concurs.

---

**3.** The following are the Issues Presented on Appeal, as contained in the Appellant's Brief:

"1. Was the trial court in error in denying the Defendant's Motions to Quash the arrests and dismiss the charges on all four charges made at the police station?

"2. Was the trial court in error for the denial of defendant's Motion to Dismiss the charges under Idaho Code § 49–1004, leaving the scene; Idaho Code § 49–1006, failure to report an accident; Idaho Code § 49–1102, driving while intoxicated; and Idaho Code § 18–6409, disorderly conduct charges at the police station; on the grounds of the grossly unconstitutional behavior by the State?

"3. Was the trial court in error for failing to exclude all inculpatory statements of the Defendant which statements by the trial court's own ruling were obtained as a direct conse-

quence of a violation of the Defendant's constitutional rights to counsel?

"4. Where there is an insufficient basis of evidence to sustain a trial court's convictions shouldn't the conviction be overruled?

"5. Was the trial court in error for striking evidence regarding the mud footprints in the defendant's vehicle and in allowing into evidence certain statements of the defendant while in a dazed, incoherent and bleeding condition?

"6. Was the trial court in error for denying the defendant's Motion to Dismiss at the close of the State's case and the defendant's Motion for Acquittal at the close of the State's case?

"7. Did the trial court err in denying the defendant's Motion for a New Trial?"