**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 35904**

IN THE MATTER OF THE )
HOSPITALIZATION OF B. L. )
-------------------------------------------------------- )
BHC INTERMOUNTAIN HOSPITAL, INC., )

    Petitioner-Appellant, )

v. )

ADA COUNTY, a political subdivision of the )
State of Idaho )

    Respondent. )

**Boise, November 2009**

**2009 Opinion No. 147**

**Filed: December 1, 2009**

**Stephen W. Kenyon, Clerk**

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. D. Duff McKee, District Judge; Hon. John Hawley, Magistrate.

District court order reversing magistrate court, <u>vacated.</u>

Moffatt, Thomas, Barrett, Rock & Fields, Chtd., Boise, for appellant. Mark C. Peterson argued.

Greg Bower, Ada County Prosecuting Attorney, Boise, for respondent. Claire S. Tardiff, Ada County Deputy Prosecuting Attorney argued.

_____

BURDICK, Justice

Appellant BHC Intermountain Hospital (Intermountain) appeals from the district court's order reversing the magistrate court's determination that Respondent Ada County was to pay Intermountain $7,593 for treatment of an involuntarily committed patient.

The magistrate's Order Fixing Responsibility for Costs upon Ada County was entered on May 1, 2007. The order determined that the patient was indigent and without resources to pay the hospital costs involved, and determined that Ada County was the responsible county for the charges. The magistrate court further found that the charges for the hospital services provided to the patient amounted to $7,593. Forty-three days later, on June 13, 2007, Intermountain filed a

1

Motion for Order to Show Cause for Ada County's alleged failure to comply with the Order Fixing Responsibility for Costs by not providing full payment of the billed costs. The magistrate court directed Ada County to pay the full amount of $7,593 and, following the denial of Ada County's Motion for Reconsideration, Ada County appealed to the district court. The district court reversed the decision of the magistrate and remanded for a fixing of costs in accordance with I.C. § 31-3519, reflecting the Medicaid reimbursement rate. We need not address the substantive issues raised on appeal as Ada County failed to file a timely notice of appeal from the magistrate court's judgment.

Appeals to the district court from the magistrate division must be filed within forty-two days from entry of the judgment or order from which the appeal is taken. I.R.C.P. 83(e); *Callaghan v. Callaghan*, 142 Idaho 185, 187, 125 P.3d 1061, 1063 (2005). This time limit is jurisdictional and failure to meet it results in an automatic dismissal of the appeal. I.R.C.P. 83(s). Thus, the district court has no jurisdiction to consider appeals from the magistrate division when notice of appeal has not been timely filed. *In Interest of Wellard*, 97 Idaho 197, 198, 541 P.2d 621, 622 (1975). The running of the time for appeal may be suspended by:

(1) a timely motion for a judgment nothwithstanding the verdict following a timely motion for a directed verdict,

(2) a timely motion to amend or make additional findings of fact or conclusions of law, whether or not alteration of the judgment is required if the motion is granted,

(3) a timely motion to alter or amend the judgment (except motions under Rule 60 or motions regarding costs and attorney fees) or

(4) a timely motion for new trial.

I.R.C.P. 83(e). A motion for reconsideration may also toll the time to file a notice of appeal; however, the motion must be made no later than fourteen days after entry of the final judgment. I.R.C.P. 11(a)(2)(B). None of these motions were timely filed in this case.

Failure to file a timely appeal was not raised to either the district court or this Court; however, we find that Ada County did not appeal from the Order Fixing Responsibility for Costs, which was the final judgment in this case, within forty-two days. Instead, Ada County chose to simply pay a different amount than the court ordered it to pay, force Intermountain to file a Motion for Order to Show Cause after the forty-two day period had run, and then collaterally attack the original judgment through the court's order on the Motion for Order to Show Cause. The district court reversed the order of the magistrate court, but because the notice

2

of appeal from the judgment was not timely filed, the district court lacked jurisdiction to hear the appeal.

Accordingly, we vacate the decision and order of the district court, including the award of costs, and reinstate the judgment of the magistrate.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**