**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 52108**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Plaintiff-Respondent,** | ) | |
| | ) | |
| v. | ) | **Boise, June 2025 Term** |
| | ) | |
| **TREVOR LEON MOORE,** | ) | **Opinion Filed: July 14, 2025** |
| | ) | |
| **Defendant-Appellant.** | ) | **Melanie Gagnepain, Clerk** |
| _____ | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Richard S. Christensen, District Judge.

The decision of the district court is <u>vacated</u>, the appeal to this Court is <u>dismissed</u>, and the case is <u>remanded</u> for proceedings consistent with this opinion.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Appellant.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent.

_____

**PER CURIAM**

This case addresses this Court's jurisdiction to hear an appeal from the district court acting in its intermediate appellate capacity where the appellant's appeal from the magistrate court's decision was untimely. While the untimely intermediate appeal does not deprive this Court of jurisdiction over the appeal from the district court's decision, it does render the district court's decision void. Therefore, we vacate the district court's decision and dismiss this appeal. The case is remanded to the district court with direction to dismiss Moore's intermediate appeal.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Trevor Leon Moore pleaded guilty to misdemeanor battery. The magistrate court entered an order withholding judgment, which included a requirement that Moore complete a domestic violence evaluation. That requirement was included over Moore's objection that it was improper because he pleaded guilty to simple battery, not domestic battery. The magistrate court's order withholding judgment was file stamped on December 14, 2023, and Moore filed a notice of appeal

1

to the district court on January 26, 2024, forty-three days later. He sought to challenge only the requirement that he complete a domestic violence evaluation. The district court issued a decision addressing the intermediate appeal and affirming the magistrate court's order withholding judgment, including the disputed requirement. Moore filed a timely notice of appeal to this Court.

## II. ANALYSIS

The State filed a motion requesting that this Court dismiss Moore's appeal. That motion raises, for the first time, the untimeliness of Moore's notice of appeal from the magistrate court to the district court. The State argues that because the notice of appeal was untimely, the district court lacked jurisdiction, the district court's decision on intermediate appeal is void, and "this Court lacks jurisdiction to entertain Moore's challenge to that void order." Moore did not file any opposition to the State's motion. We agree with the State that the district court's decision is void and that this appeal should be dismissed, but we disagree that we lack jurisdiction to address Moore's appeal from the district court's decision. Therefore, we will take this opportunity to clarify the scope of this Court's jurisdiction.

Moore's notice of appeal from the magistrate court to the district court was untimely. He was required to appeal to the district court from the magistrate court's order withholding judgment by filing a notice of appeal within forty-two days of the date the order was file stamped. I.C.R. 54(a)(1)(B), (b)(1)(A). The order was file stamped on December 14, 2023, which meant Moore's notice of appeal would be timely only if it were filed by January 25, 2024. It was filed a day later, on January 26, 2024. Because Moore did not file a timely notice of appeal from the magistrate court to the district court, the district court never acquired subject matter jurisdiction. I.C.R. 54(m) (providing that a timely notice of appeal is jurisdictional); *BHC Intermountain Hosp., Inc. v. Ada Cnty.*, 148 Idaho 294, 294, 221 P.3d 520, 520 (2009) (where notice of appeal from magistrate court to district court was filed one day late, holding that "the district court has no jurisdiction to consider appeals from the magistrate division when notice of appeal has not been timely filed"). It follows that the district court's decision on intermediate appeal is void. *State v. Gorringe*, 168 Idaho 175, 182–83, 481 P.3d 723, 730–31 (2021) (holding that subject matter jurisdiction can be raised at any time, and an order entered without subject matter jurisdiction is void). Thus, the remaining question is how, if at all, the untimely intermediate appeal affects this Court's jurisdiction over Moore's appeal, or this Court's ability to review the district court's decision.

2

This Court has repeatedly noted that phrases like "the court lacks jurisdiction" have been used inconsistently, sometimes precisely and sometimes imprecisely, by both courts and parties. *See, e.g.*, *State v. Brown*, 170 Idaho 439, 443, 511 P.3d 859, 863 (2022); *Allen v. Campbell*, 169 Idaho 613, 617–18, 499 P.3d 1103, 1107–08 (2021). "Precise use of the term 'jurisdiction' refers only to: (1) personal jurisdiction over the parties; or (2) subject matter jurisdiction." *Brown*, 170 Idaho at 443, 511 P.3d at 863. In this case, the State's motion does not expressly distinguish between personal and subject matter jurisdiction, but it is subject matter jurisdiction, not personal jurisdiction, that the State suggests is lacking here. "Subject matter jurisdiction concerns only the inherent authority of the court to exercise judicial power" over a class of cases. *Allen*, 169 Idaho at 617, 499 P.3d at 1107. That power is "an incident of the creation of a court (either by constitution or statute)" that is "untouched by the parties' positions, arguments, and preferences, and unaffected by a court's discretion." *Id.*; *see also Boughton v. Price*, 70 Idaho 243, 249, 215 P.2d 286, 289 (1950) (holding that a court's subject matter jurisdiction is acquired by "its creation," "possesse[d] inherently by its constitution," and "is not dependent upon the sufficiency of the bill or complaint, the validity of the demand set forth in the complaint, or plaintiff's right to the relief demanded, the regularity of the proceedings, or the correctness of the decision rendered" (citation omitted)).

"Nonetheless, courts and parties sometimes imprecisely say a court 'lacked jurisdiction' when what is really meant is a court committed an error by taking an action that does not comply with the governing authority." *Brown*, 170 Idaho at 443, 511 P.3d at 863. Used in this imprecise way, a court that undoubtedly has subject matter jurisdiction over the case might be said to "lack jurisdiction" to do something that is contrary to the legal standards applicable to cases of that type.

The State's claim that this Court lacks "jurisdiction" here is incorrect. Article V, section 9 of the Idaho Constitution provides that this Court "shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof," and Idaho Appellate Rule 11(c)(10) provides that "[d]ecisions by the district court on criminal appeals from a magistrate, either dismissing the appeal or affirming, reversing or remanding," are appealable to this Court as a matter of right. Even if the district court should not have entertained that appeal, the district court's order is still a decision of a district court issued in a criminal appeal affirming the magistrate court's decision. While a timely notice of appeal to this Court is jurisdictional under Idaho Appellate Rule 21, Moore timely filed his appeal to this Court. Therefore, this Court has subject matter jurisdiction

3

over the appeal from the district court, which is jurisdiction to "entertain Moore's challenge" to the district court's decision and determine whether he is entitled to the relief he is requesting.

Notwithstanding the State's misapprehension of the scope of our jurisdiction, the State is correct that this Court should dismiss this appeal without addressing the merits of Moore's arguments. On appeal from a district court's decision acting as an intermediate appellate court, this Court does "not review the magistrate court's decisions." *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Instead, the Court is "procedurally bound to affirm or reverse the decisions of the district court." *Id.* (quoting *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009)). Moore argues that the district court erred by failing to reverse the magistrate court's order requiring him to complete a domestic violence evaluation. However, because the district court had no subject matter jurisdiction to grant Moore any relief on intermediate appeal, the district court could not have erred by failing to reverse the domestic violence evaluation requirement. Moore's arguments necessarily fail for that reason. Therefore, this Court cannot grant the relief Moore is requesting. This is not the result of a deficiency in this Court's subject matter jurisdiction; rather, it is a result of the district court's lack of subject matter jurisdiction.

This Court has addressed similar circumstances in prior cases. Though the result we reach here is consistent with those cases, we have not always been entirely clear regarding these jurisdictional issues. For example, the State cites *State v. Urrabazo*, 150 Idaho 158, 244 P.3d 1244 (2010), *abrogated on other grounds by Verska v. Saint Alphonsus Regional Medical Center*, 151 Idaho 889, 265 P.3d 502 (2011), for the proposition that there is some deficiency in this Court's jurisdiction over the appeal. Urrabazo pleaded guilty to statutory rape, felony battery on a police officer, and misdemeanor battery. *Id.* at 159, 244 P.3d at 1245. The district court sentenced Urrabazo but placed him on a rider and retained jurisdiction. *Id.* At the end of that period, the court relinquished its jurisdiction, declined to order probation, and instead ordered a second period of retained jurisdiction. *Id.* at 159–60, 244 P.3d at 1245–46. At the end of the second period, the court entered an order relinquishing jurisdiction and imposing the underlying sentence. *Id.* at 160, 244 P.3d at 1246. Urrabazo filed a notice of appeal within forty-two days of that order. *Id.* On appeal, this Court held that the district court could not order a second period of retained jurisdiction without ordering an intervening period of probation, and that the district court lost its jurisdiction in the case after the first period of retained jurisdiction. *Id.* at 160–62, 244 P.3d at 1246–48. Because the district court lacked jurisdiction at the time the orders were entered, this Court

4

concluded that "the orders purporting to grant and then revoke a second rider are void, and Urrabazo's appeal is untimely." *Id.* at 164, 244 P.3d at 1250. Because a timely notice of appeal is jurisdictional, the implication is that this Court lacked subject matter jurisdiction over the appeal.

Urrabazo appealed from the district court's order purporting to revoke a second rider, and his appeal was unquestionably timely from that order. *Id.* at 160, 244 P.3d at 1246 (noting that Urrabazo filed his appeal "42 days after the July 28 order" purporting to relinquish the second period of retained jurisdiction). To the extent that *Urrabazo* can be read to hold otherwise, we abrogate that holding. It is a different question whether the Court could address the substance of Urrabazo's arguments. Because the order was void for lack of jurisdiction, the Court correctly determined that it could not. It is also a different question whether Urrabazo should have appealed from some other order. Had Urrabazo appealed from the district court's order following the first period of retained jurisdiction, the Court may have been able to address the substance of an argument that the district court erred by failing to order probation or reduce his sentence then. Regardless, though, he filed a timely notice of appeal from the district court's order purporting to relinquish the second period of retained jurisdiction.

This Court's decision in *State v. Mason*, 102 Idaho 866, 643 P.2d 78 (1982), is also frequently cited as suggesting that this Court lacks subject matter jurisdiction over an appeal from a district court decision on intermediate appeal issued without subject matter jurisdiction. Mason sought review of a district court decision on intermediate appeal. *Id.* at 866, 643 P.2d at 78. This Court noted that the magistrate court judgment appealed from was not in the record and stated that, without that judgment in the record, "the appellate jurisdiction of the district court is not established." *Id.* According to the Court, the question of its jurisdiction over the appeal was "[r]elated" to the potential jurisdictional deficiency below. *Id.* at 867, 643 P.2d at 79. The Court vacated the district court decision because of the uncertainty regarding the district court's jurisdiction, concluding that "it necessarily follows that the appeal as a matter of right on the merits does not exist to this Court," and remanded the case to the district court to clarify its jurisdiction. *Id. Mason* suggests, but stops short of holding, that this Court lacks jurisdiction over an appeal from a district court decision on intermediate appeal where the district court had no jurisdiction.

In a dissent, Chief Justice Bakes, joined by Justice McFadden, took issue with that suggestion. According to the dissent, "if the district court should not have entertained the appeal . . . , some other action by this Court may be appropriate[,] such as dismissing the appeal,"

but "that has nothing to do with this Court's jurisdiction, nor has it anything to do with the fact that the parties were entitled to appeal the decision of the district court to this Court as a matter of right under [Idaho Appellate Rule] 11." *Id.* at 868, 643 P.2d at 80 (Bakes, C.J., dissenting). The fact "that appeal to this Court existed as a matter of right [and the Court had jurisdiction over that appeal] is not to say that this Court must inevitably reach and address the assignments of error raised by the appellant." *Id.*

We agree with the dissenting justices in *Mason*. The contrast between the majority and dissenting opinions in *Mason* reflects the precise and imprecise uses of "jurisdiction," with the dissent insisting on the precise use. The reasons not to address Mason's assignments of error might well have been "jurisdictional" in the imprecise sense, but they were not jurisdictional in the precise sense. That is, they did not undermine this Court's authority to resolve the appeal, even if they potentially dictated how the appeal should be resolved. The Court determined in *Mason* that it was necessary to remand to the district court for it to address its jurisdiction. That determination was reasonable regardless of how the jurisdictional question was eventually resolved by the district court. The nature and substance of this Court's review of the district court's decision certainly depended on whether the district court had jurisdiction to enter it. But that is not because this Court's subject matter jurisdiction to review that decision was dependent on the district court's jurisdiction to enter it; it is because it would be appropriate for this Court to evaluate the merits of the decision only if, as a preliminary matter, the district court had jurisdiction to enter it.

In sum, we hold that this Court has subject matter jurisdiction over Moore's appeal. However, where an appeal to this Court is from a district court decision issued on intermediate appeal that is void because the appeal to the district court was untimely and the district court lacked subject matter jurisdiction, the appropriate relief is to vacate the decision as void, dismiss the appeal to this Court, and remand for dismissal of the intermediate appeal as untimely. Doing so returns the parties to the position they would have been in had the intermediate appeal been properly dismissed in the first instance, with the judgment or order of the magistrate court appealed from unaffected.

### III. CONCLUSION

We vacate the district court's decision on intermediate appeal and dismiss the appeal to this Court. On remand, the district court is directed to dismiss Moore's intermediate appeal as untimely.