[No. 7215. Decided September 28, 1908.]

F. C. ROBERTSON *et al.*, Respondents, v. P. C. SHINE, *Appellant*.[1]

APPEAL—DECISIONS REVIEWABLE—FINALITY — PREMATURE APPEAL. An appeal from the oral announcement of the judge's conclusions, made at the end of a trial without a jury, will be dismissed as premature, since it is not a final judgment until expressed in writing.

Appeal from a decision of the superior court for Spokane county, Poindexter, J., made February 27, 1907, in favor of the plaintiffs, after a trial on the merits before the court. Appeal dismissed.

*Harris Baldwin, O. J. Saville*, and *P. C. Shine*, for appellant.

*A. G. Gray* and *Robertson & Rosenhaupt*, for respondents.

[1]Reported in 97 Pac. 497.

PER CURIAM.—This case was tried by the court without a jury. At the conclusion of the evidence, the judge presiding announced his conclusions as the case then appeared to him, stating at the same time that he would permit the defendant, if he so desired, to amend his answer and offer further evidence concerning a counterclaim against one of the plaintiffs he had mentioned in his defense. The defendant thereafter gave the statutory notice, and moved for a new trial of the entire action, which motion the court overruled. He thereupon gave a written notice of appeal, reciting therein that he appealed from "the judgment and decision . . . in favor of the said plaintiffs and against said defendant, announced and rendered on the 27th day of February, 1907, and from the whole thereof," meaning the oral announcement made by the court at the conclusion of the trial. No formal judgment had then been entered, and none was entered subsequent to that time.

The respondent moves in this court to dismiss the appeal on the ground that it is premature, as no final judgment has been entered in the cause. The motion must be granted. In the absence of an express statute permitting the practice, no appeal will lie from intermediary orders made by the court, nor from rulings and decisions not expressed in a final judgment. We have no statute permitting an appeal from a decision such as was here made by the court. The so-called judgment was nothing more than an announcement of the court of its conclusions from the evidence, which must be expressed in a formal written judgment before it becomes binding upon either party. As no such judgment was entered there is nothing from which an appeal can be taken.

The condition is not met by the case of *Hays v. Dennis*, 11 Wash. 360, 39 Pac. 658. The oral announcement made by the court in that case was followed by a formal written judgment, and this court declined to dismiss the appeal merely because the notice of appeal was given between the oral an-

nouncement and the entry of the formal judgment. Conceding the case to be sound, it is not authority for an appeal in a case where no final judgment at all has been entered.

The appeal is dismissed.