[No. 29615.    *En Banc.*    June 4, 1945.]

THE STATE OF WASHINGTON, *on the Relation of Charles Barr Thomas, Plaintiff*, v. JAMES T. LAWLER, *as Judge of the Superior Court for King County, Respondent*.[1]

'Reported in 159 P. (2d) 622.

*John Caughlan* and *H. C. Vinton,* for relator.

*Lloyd·Shorett* and *Max R. Nicolai,* for respondent.

GRADY, J.—On March 6, 1945, a petition was filed in this court in behalf of Charles Barr Thomas, supported by the affidavit of his attorney, praying that a writ of review be issued directing the superior court of Washington for King county, the Honorable James T. Lawler, Judge, to certify to the court the records and proceedings in the action in the superior court entitled "In the Matter of the Application of Charles Barr Thomas for a Writ of Habeas Corpus," No. 36042, for review.

On March 7, 1945, an alternative writ of review was issued directing Judge Lawler to certify and return to this court on March 30, 1945, a transcript of the records and proceedings in the case or to show cause why he should not do so. Pursuant to the writ, the judge caused a certified transcript of the record to be transmitted as directed, and with it was filed a certified statement of facts setting forth the testimony taken before Judge Lawler at the hearing had before him in the *habeas corpus* proceeding.

The record before us shows that on February 3, 1945, a petition was filed in this court in behalf of Charles Barr Thomas praying that a writ of *habeas corpus* issue for the purpose of inquiring into the legality of his detention in the county jail of King county, it being alleged that he was a minor of the age of sixteen years, and that it was unlawful to confine him in the jail. An order was entered directed to the sheriff of King county requiring him to appear before the court on a date fixed and to show cause why Charles Barr Thomas was being restrained of his liberty in the King county jail. The sheriff appeared in response to the order and moved to dismiss the proceeding, or, in the alternative, that the proceeding be transferred to the superior court of Washington for King county for hearing.

After hearing arguments of counsel for the respective parties, an order was entered transferring the proceeding to the superior court for the purpose of further hearing,

the taking of testimony if necessary, and the entry of such order as to the court might seem proper and appropriate. It was further ordered that the sheriff of King county appear before the superior court at a time fixed and show cause, if any there was, why the petition of Charles Barr Thomas for a writ of *habeas corpus* should not be granted, or why the petitioner should not receive some measure of the relief he sought, or why a writ of *habeas corpus* should not issue on his behalf. Pursuant to this order, a hearing was held before the superior court of Washington for King county, the Honorable James T. Lawler presiding. Witnesses testified and documentary evidence was received. It is that proceeding that has been brought here for review.

The only record before us as to what transpired at the close of the hearing is a minute entry made by the clerk of the superior court, as follows:

"After final argument by respective counsel, the Court denies petition for Writ of Habeas Corpus in behalf of Charles B. Thomas—the Court denies Petition, exception allowed."

When the alternative writ of review came on for hearing before this court, the respondent appeared by the prosecuting attorney of King county and moved to dismiss it upon the ground that the proceedings upon which it was based were prematurely taken for the reason that no final order had been entered by the superior court in the *habeas corpus* proceeding and hence there was nothing before the court for review.

It is stated in the brief of respondent that the trial judge rendered an oral decision at the close of the hearing, and that the clerk made a minute entry that an application for writ of *habeas corpus* was denied by the court, but his contention is that in order to successfully prosecute an appeal or writ of review an appellant or petitioner must predicate the same upon a final order or judgment. This contention must be sustained. An appeal to this court will not lie from anything other than a formal written final order or judgment signed by the judge and entered upon the records of the court, unless otherwise authorized by stat-

ute. *Robertson v. Shine,* 50 Wash. 433, 97 Pac. 497; *State v. Diamond Tank Transport,* 200 Wash. 206, 93 P. (2d) 313. In the *Robertson* case, we said:

"The respondent moves in this court to dismiss the appeal on the ground that it is premature, as no final judgment has been entered in the cause. The motion must be granted. In the absence of an express statute permitting the practice, no appeal will lie from intermediary orders made by the court, nor from rulings and decisions not expressed in a final judgment. We have no statute permitting an appeal from a decision such as was here made by the court. The so-called judgment was nothing more than an announcement of the court of its conclusions from the evidence, which must be expressed in a formal written judgment before it becomes binding upon either party. As no such judgment was entered there is nothing from which an appeal can be taken."

A writ of review issued by this court serves the same purpose as an appeal, and the rule above stated necessarily applies.

■ The minute entry made by the clerk had nothing to do with the final judgment of the court. It was merely evidence of what the judge had decided to do with reference to the application for the writ of *habeas corpus.* He could have changed his decision at any time before the entry of a final order or judgment. If a different judgment had been entered than as indicated by the minute entry, it could not be used for the purpose of contradicting or impeaching the judgment. *Hanley v. Most,* 9 Wn. (2d) 474, 115 P. (2d) 951, 118 P. (2d) 946.

There being no formal written order of the court denying the application for a writ of *habeas corpus* in the record before us, we are unable to review the evidence and decide the case on its merits. The writ of review was applied for and issued prematurely, and this proceeding must be dismissed. It is so ordered.

ALL CONCUR.