[No. 31607. Department One. August 2, 1951.]

THE STATE OF WASHINGTON, *Respondent*, v. FRED L. THORNE, JR., *Appellant*.[1]

*James Tynan* and *John M. Warnock*, for appellant.

*Phillip Sheridan, C. P. Brownlee*, and *Harold J. Hall*, for respondent.

PER CURIAM.—This is an appeal from an oral ruling of the superior court of Snohomish county denying a motion to vacate a judgment and conviction and quashing an order to show cause, and is a companion appeal to *Thorne v. Callahan*, reported hereinabove, at p. 43.

The appellant in this case was charged by information with the crime of carnal knowledge of his eight-year-old daughter. To this information, the appellant pleaded

[1]Reported in 234 P. (2d) 528.

"guilty" upon arraignment and was sentenced to life imprisonment at the Washington state penitentiary.

The formal judgment, sentence and commitment was entered in this cause on June 5, 1950. Thereafter on June 15, 1950, while lodged in the jail of King county en route to the state penitentiary, petition for a writ of *habeas corpus* was filed, alleging a violation of appellant's constitutional rights and an alternative writ of *habeas corpus* was granted. After a hearing thereon, a formal order quashing the writ was signed by that court.

July 15, 1950, the appellant filed a motion to vacate the judgment and sentence of Snohomish county. An order to show cause was issued, and the respondent filed its answer, making a general denial and alleging as an affirmative defense a plea of *res adjudicata* and estoppel by judgment based upon the proceedings in the court of King county. The motion was heard on July 24, 1950, at the conclusion of which the court orally denied the motion to vacate and quashed the order to show cause, whereupon appellant gave oral notice of appeal. No other notice of appeal was subsequently given. Thereafter, on the 31st of July, 1950, a formal order was signed and entered denying the motion to vacate and quashing the order to show cause. The respondent moved in this court for a dismissal of the appeal, basing its motion on the ground that the appeal had been prematurely taken.

Rem. Rev. Stat., § 1716 [P.P.C. § 5-1], relating to appeals to this court, provides:

"Any party aggrieved may appeal to the supreme court in the mode prescribed in this title from any and every of the following determinations, and no others, made by the superior court, or the judge thereof, in any action or proceeding.

"(1) From the final judgment entered in any action or proceeding, . . . ."

■ This court has stated many times that an appeal will not lie from anything other than a formal written final order or judgment signed by the judge and entered upon the records of the court, unless otherwise authorized by statute.

*Robertson v. Shine,* 50 Wash. 433, 97 Pac. 497; *State v. Diamond Tank Transport,* 200 Wash. 206, 93 P. (2d) 313; *State ex rel. Thomas v. Lawler,* 23 Wn. (2d) 87, 159 P. (2d) 622.

In the *Robertson* case, this court said:

"The respondent moves in this court to dismiss the appeal on the ground that it is premature, as no final judgment has been entered in the cause. The motion must be granted. In the absence of an express statute permitting the practice, no appeal will lie from intermediary orders made by the court, nor from rulings and decisions not expressed in a final judgment."

The oral ruling of the court had nothing to do with the final judgment. It was merely evidence of what the judge had decided to do with reference to the motion to vacate the judgment and conviction and quashing the order to show cause. He could have changed his ruling at any time before the entry of a final judgment.

Because no notice of appeal was given after the entry of final judgment, on July 31, 1950, the oral notice of appeal given at the conclusion of the hearing was premature and the appeal will be dismissed.