[No. 33151. Department Two. December 3, 1954.]

THE STATE OF WASHINGTON, *on the Relation of Donald F. McKay, Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY, *W. A. Richmond, Judge, Respondent*.[1]

*Crippen & Flynn*, for relator.

*Reischling & Chan*, for respondent.

SCHWELLENBACH, J.—August 5, 1954, Viola M. McKay commenced a divorce action against Donald F. McKay in the superior court for Pierce county. She was represented by William Timothy, of Sumner, and Mr. McKay was represented by the law firm of Crippen & Flynn, of Tacoma.

Various meetings were held between counsel, and there was a considerable amount of correspondence between them. It was agreed the defendant would pay temporary support money, and counsel were working on the form of an order for support and visitation rights. A notice of appearance was served by defendant, but no pleadings were filed on his behalf.

About this time, Mrs. McKay moved to Seattle and contacted the law firm of Reischling & Chan. It was agreed that they would be substituted as her attorneys. Mr. Timothy forwarded his file to them, and notified Crippen & Flynn.

October 15, 1954, the plaintiff filed an action in King county for separate maintenance. At the same time, a show cause order was issued to the defendant, directing him to show cause, October 26th, why he should not pay reasonable support, temporary suit money, and attorneys' fees.

[1]Reported in 277 P. (2d) 366.

The same day, an attorney connected with Mr. Reischling's firm filed in Pierce county a motion for voluntary nonsuit of the divorce action, supported by an affidavit stating that, although the defendant appeared in the action, he had not filed an answer, nor had he sought any affirmative relief. (The record does not show whether the separate maintenance action was filed in King county before or after the order of dismissal of the divorce action was entered in Pierce county, although it does appear that the attorney took the show cause order with him when he went to Tacoma with the motion for voluntary nonsuit.) The motion was presented to Honorable Bartlett Rummel, one of the judges for Pierce county, without notice to defendant or his counsel. Upon being advised by the attorney that the defendant had not appeared, Judge Rummel signed and entered the order of dismissal. The attorney then served the summons and complaint and show cause order in the separate maintenance action on the defendant at Orting.

The defendant notified his attorneys, who checked the record and then appeared before Judge Rummel, who, upon examining the record, rescinded the order of dismissal which he had signed and entered about two hours previously.

October 22nd, the plaintiff, appearing through Mr. Reischling, moved for reconsideration of the motion and order of voluntary nonsuit. This motion came on for hearing October 25th before Honorable W. A. Richmond, another judge for Pierce county, who signed an order for voluntary nonsuit and dismissal of the divorce action. Counsel for defendant asked him to withhold the order so that he might apply to this court for a writ of certiorari. Judge Richmond thereupon wrote in longhand on the order: "To be filed in Court Thurs A. M. Oct. 28th. 1954. 10/25/54 WAR."

October 27th, upon application of the relator, the Chief Justice ordered Judge Richmond to stay proceedings until relator's application for a writ of certiorari could be heard on November 5th. November 5th a writ of certiorari was issued to review the proceedings before this court on No-

vember 12th. A transcript of the record and proceedings was furnished in response to the writ, and the matter was heard by this court on November 12th.

At the outset, we are faced with the question of whether or not certiorari will lie in this instance. In *State ex rel. Thomas v. Lawler*, 23 Wn. (2d) 87, 159 P. (2d) 622, we said:

"An appeal to this court will not lie from anything other than a formal written final order or judgment signed by the judge and entered upon the records of the court, unless otherwise authorized by statute. *Robertson v. Shine*, 50 Wash. 433, 97 Pac. 497; *State v. Diamond Tank Transport*, 200 Wash. 206, 93 P. (2d) 313. In the *Robertson* case, we said:

" 'The respondent moves in this court to dismiss the appeal on the ground that it is premature, as no final judgment has been entered in the cause. The motion must be granted. In the absence of an express statute permitting the practice, no appeal will lie from intermediary orders made by the court, nor from rulings and decisions not expressed in a final judgment. We have no statute permitting an appeal from a decision such as was here made by the court. The so-called judgment was nothing more than an announcement of the court of its conclusions from the evidence, which must be expressed in a formal written judgment before it becomes binding upon either party. As no such judgment was entered there is nothing from which an appeal can be taken.'

"A writ of review issued by this court serves the same purpose as an appeal, and the rule above stated necessarily applies."

In *State ex rel. Melville v. Turner*, 37 Wn. (2d) 171, 222 P. (2d) 660, we quoted from the above case and concluded:

"Since no final order was entered by the trial court in this case, the writ of review must be held to have been applied for and issued prematurely and this proceeding is accordingly hereby dismissed."

In *State ex rel. Shattuck v. French*, 82 Wash. 330, 144 Pac. 28, we held that certiorari does not lie to review a threatened order of the superior court, since there is nothing to review until an order has been entered.

In the instant case, it is clear from the record that

Judge Richmond's order has been signed but not entered. It, therefore, is not before this court for review.

The writ of certiorari is quashed.

GRADY, C. J., HILL, DONWORTH, and WEAVER, JJ., concur.