364 P.2d 348

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John H. MORRIS, Defendant-Appellant.**

No. 6870.

Supreme Court of New Mexico.

Aug. 22, 1961.

Dan Buzzard, Clovis, for appellant.

Earl Hartley, Atty. Gen., Thomas O. Olson and F. Harlan Flint, Asst. Attys. Gen., for appellee.

NOBLE, Justice.

The defendant, John H. Morris, was charged in Curry County, New Mexico, by information with having embezzled $1,482.-35 while being entrusted with the same by fraudently converting the same to his own use, contrary to the provisions of Section 40-45-19, N.M.S.A.1953 Comp. After trial before the court without a jury, the record discloses that no formal judgment or sen-

tence was entered by the court but the following statement by the court appears:

"Case No. 4933. State of New Mexico vs. John H. Morris. It is the finding and judgment of the Court that John H. Morris while entrusted with the property of KICA, Inc., fraudulently conveyed to his own use property of the value exceeding $50.00. It is the Order of the Court that sentence in this case be deferred and that the defendant be discharged and his bondsmen released.

"This disposition of this matter is taken by the Court not in any sense a condonation of the use of another's property but frankly this Court was considerably disturbed over the numerous skeletons in the corporate family of the complaining witnesses. The Court was further disturbed that even though the law makes this a public offense here quite a lot of the public was perfectly willing to sell this man property for his own home knowing that it was being paid for out of the pocket of another. Very unusual and strange situation. The Court feels that though this man has done wrong those who complain are not free from fault. No sentence is going to be imposed. That is all."

■ This appeal is from the above statement by the court appearing in the stenographic record. A basic jurisdictional question, not raised by the parties, is presented at the very outset. Was there a final judgment in this case from which an appeal can be taken, and does the appellate court have jurisdiction? The fact that the jurisdictional question is not raised by the parties is of no consequence. William K. Warren Foundation v. Barnes, 67 N.M. 187, 354 P.2d 126.

Our rule applicable to civil appeals. Rule 5, subd. 1, as amended (Sec. 21–2–1(5), subd. 1, N.M.S.A.1953 Comp., Pocket Supp.) is as follows:

"1. Within thirty (30) days from the entry of any final judgment in any civil action any party aggrieved may appeal therefrom to the Supreme Court * * *."

Rule 5, subd. 3 of the Supreme Court rules (Sec. 41–15–1, N.M.S.A.1953 Comp.) governing procedure on appeals in criminal cases reads:

"The procedure on appeals and writs of error in criminal cases shall be governed by the procedure on appeals and writs of error in civil cases except as otherwise specified by law or rule of the Supreme Court."

■■ In the absence of an express statute or rule, no appeal will lie from anything other than a formal written order or judgment signed by the judge and filed in the case or entered upon the records of the

court and signed by the judge thereof. State v. Thorne, 39 Wash.2d 63, 234 P.2d 528; State v. McClain, 186 Tenn. 401, 210 S.W.2d 680. An oral ruling by the trial judge is not a final judgment. It is merely evidence of what the court had decided to do but he can change such ruling at any time before the entry of a final judgment. State v. McClain, supra.

Zellers v. Huff, 57 N.M. 609, 261 P.2d 643, 644, is controlling. We there held that a judgment in a criminal case is not final until sentence is imposed and said:

> "In criminal cases, as well as civil, the judgment is final for the purpose of appeal when it terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined. * * * (citing cases) A sentence must be *imposed* to complete the steps of the prosecution. Until sentence is imposed there is no finality of the judgment. The sentence is the judgment."

■ The court having specifically refused to impose sentence, it follows that the appeal is premature and must be dismissed.

It is so ordered.

CARMODY and MOISE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., not participating.