703 P.2d 189

**CITY OF RATON, Plaintiff-Appellee,**

v.

**Sammy Abel MARTINEZ and Aginaldo Gallegos, Jr., Defendants-Appellants.**

**Nos. 8495, 8496.**

Court of Appeals of New Mexico.

July 2, 1985.

Robert S. Skinner, Raton, for plaintiff-appellee.

Don Klein, Jr., Albuquerque, for defendants-appellants.

OPINION

MINZNER, Judge.

Defendants appealed from the district court's judgments finding them guilty of battery in violation of an ordinance of the City of Raton. Defendants' docketing statements raised four issues on appeal. Because defendants' trials were consolidated and because they raised identical issues in their docketing statements, this court has consolidated their cases on appeal. We assigned these appeals to the limited calendar. *See* NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 207(b) (Repl. Pamp.1983). Our calendaring notice instructed the parties to address three additional issues not specifically raised in the docketing statements.

Defendants subsequently filed motions for summary reversal of their convictions by the district court, and accompanying memoranda in support of their motions. *See* NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 403(a) (Repl.Pamp.1983). As grounds therefor, defendants raise and address, inter alia, one of the three issues we instructed the parties to address. The City has filed timely responses to defendants' motions for summary reversal. *See* R. 403(b). Having considered the arguments of the parties, we reverse.

**FACTS**

Defendants were charged by criminal complaint with assault and battery. Martinez was also cited for resisting arrest, apparently arising from the same incident. Both were tried in the Raton Municipal Court. Both were found guilty of one or more of the violations charged. Due to the absence of signed judgments of the municipal court, this court cannot state with any degree of certainty the charges of which

defendants were convicted. Our confusion with the records is more fully explained below. Both filed pro se notices of appeal to the district court pursuant to NMSA 1978, Section 35-15-7. The municipal court forwarded the transcripts and pleadings of the actions to the district court, in conformance with the statute. However, neither of the municipal court records contains a duly filed, signed judgment of the municipal court.

Prior to the introduction of evidence at defendants' consolidated trial de novo, an exchange between the district court and counsel for the parties occurred. In the interim period between the assignment of this case to the limited calendar and the filing of defendants' motions for summary reversal, the district court clerk filed the taped transcript of defendants' trial with this court. Accordingly, we have the benefit of the tapes of the proceeding, and our factual references are to the matters contained in the tapes as well as the records proper. Both counsel for the City and counsel for defendants indicated to the court that Gallegos had been acquitted of the battery charge and convicted of the assault charge. The district court disagreed. The court stated that, according to the municipal court's "disposition," Gallegos was acquitted of the assault charge and convicted of the battery charge. Martinez alleged that he had also been acquitted of the battery charge. The City believed that Martinez had been charged with, and convicted of, assault and battery. The court disagreed, stating that, based on the municipal court record, Martinez was found guilty of assault, battery, and resisting arrest.

The attorney for the City informed the court that he had not prosecuted the cases below, and that he was unaware of what had, in fact, occurred there. He informed the court, "I have two or three sheets here [in my file], and I'm not sure which one was the one that was actually used." Counsel for defendants informed the court that the "dispositions" filed in the municipal court records were inconsistent with his "understanding" of the verdicts that were "announced" below, and that defendants would offer testimony to contradict the dispositions filed in the records and that the court could inquire of the municipal court concerning what its dispositions actually were.

The district court informed defense counsel that it was defendants' obligation to insure that the judgments of the municipal court were signed and filed in the municipal court record, and that, in the absence of such judgments, the court must accept the "dispositions" of the municipal court as reflected in the records. The "dispositions" referred to by the district court were unsigned documents filed in the records. We do not know if these documents were actually prepared or approved by the municipal court, or if they are merely the clerk's or someone else's records of the proceedings. The court also informed defense counsel that the municipal court record was not subject to attack by the oral testimony of defendants. The district court proceeded to try Gallegos on the battery charge and Martinez on the assault, battery, and resisting arrest charges. The district court subsequently adjudged both defendants guilty of the battery charges. Both defendants appealed the district court's judgments to this court. *See* NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 101(a) (Repl.Pamp.1983).

## ISSUE

The consolidated appeals raise eight issues. In addition to the four issues raised in the docketing statements and the three issues we instructed the parties to address, defendants' motions raise an eighth issue, which we need not address. However, because one issue is dispositive of these cases, we need only address that issue: In the absence of a signed, duly filed municipal court judgment, does the district court have jurisdiction to conduct a trial de novo? Holding that it does not, we reverse the district court's judgments and remand with instructions to dismiss the appeals for lack of jurisdiction.

**DISCUSSION**

We agree with the principle articulated by the trial judge: defendants, as well as the municipal court, have a responsibility of insuring that a complete transcript of the proceedings below is transmitted to the district court on an appeal from the municipal court. *See State v. Rivera,* 92 N.M. 155, 584 P.2d 202 (Ct.App.1978); § 35–15–7. Nevertheless, "[i]n the absence of an express statute or rule, no appeal will lie from anything other than a formal written order or judgment signed by the judge and filed in the case or entered upon the records of the court and signed by the judge thereof." *State v. Morris,* 69 N.M. 89, 90–91, 364 P.2d 348, 349 (1961). The necessity of such a judgment or order is jurisdictional, and absent such an order the appeal is premature. *Id.* This jurisdictional prerequisite is applicable to appeals to the district court from the municipal court, as well as to appeals from the district court to this court. *See Smith v. Love,* 101 N.M. 355, 683 P.2d 37 (1984) (appeal from metropolitan court to district court).

Here, the municipal court records transmitted to the district court did not contain written, signed judgments of the municipal court. No statute or rule permits an appeal from the municipal court to the district court in the absence of such a judgment or order. In fact, the relevant rule expressly requires that a "judgment and sentence" be signed by the municipal court and filed in the record. NMSA 1978, Mun.R. 31 (Cum.Supp.1984). We cannot say that the absence of signed judgments did not prejudice defendants. *Cf. State v. Rivera* (absence of title page in transcript not prejudicial where defendants were aware of the filing of the criminal complaint and the final order of the district court, and where no other necessary item was omitted from the transcript). We hold the district court lacked jurisdiction to try defendants de novo on appeals from the municipal court, due to the absence of signed judgments. *See Smith v. Love.*

On these facts, the district court's judgment must be reversed and the cause remanded. On remand, the court is instructed to dismiss defendants' appeals.

IT IS SO ORDERED.

DONNELLY, C.J., and BIVINS, J., concur.