# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ROBERT and DORIS CUMMINGS, husband and wife, | No. 74264-7-I |
| Appellants, | DIVISION ONE |
| v. | |
| NORTHWEST TRUSTEE SERVICES OF WASHINGTON, a Washington corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE IN TRUST FOR THE REGISTERED CERTIFICATE HOLDERS OF FIRST FRANKLIN MORTGAGE LOAN TRUST, ASSET-BACKED CERTIFICATES, SERIES 2006-FF8, | UNPUBLISHED |
| Respondents, | FILED: November 28, 2016 |
| and | |
| JOHN DOES 1-10, | |
| Defendants. | |

Cox, J. — Robert and Doris Cummings (collectively, Cummings) appeal the trial court's order granting summary judgment to Mortgage Electronic Registration Systems Inc. (MERS) and Deutsche Bank National Trust Company. They fail to show that there are any genuine issues of material fact for their

claims of violations of the Deeds of Trust Act or the Consumer Protection Act (CPA). MERS and Deutsche Bank are entitled to judgment as a matter of law. We affirm.

In April 2006, Cummings borrowed $240,000 from First Franklin. They executed a promissory note dated April 12, 2006 in the principal amount of $240,000 to memorialize this obligation.

In order to secure payment of the note, Cummings also executed a deed of trust dated April 24, 2006 encumbering their home. The deed of trust was recorded in the Auditor's Records of Snohomish County. It named First Franklin as the lender, First American Title as the trustee, and MERS as the beneficiary nominee for First Franklin.

Thereafter, First Franklin specially endorsed this note to First Franklin Financial Corporation.[1] First Franklin Financial Corporation then endorsed this note in blank.[2] Deutsche Bank has had possession of both this note and the deed of trust securing it at all times material to enforcement of the obligations evidenced by these documents.

Cummings defaulted on the loan by missing payments due under the terms of the note.

MERS purported to assign "all beneficial interest" in the note and deed of trust to Deutsche Bank by an Assignment of Deed of Trust dated October 6,

---

[1] Clerk's Papers at 62.

[2] Id.

2011. That assignment was recorded in the Auditor's Records of Snohomish County on October 18, 2011.

Deutsche Bank recorded an agreement dated June 5, 2014 granting Select Portfolio Serving Inc. (SPS) limited power of attorney to service the loan and, if necessary, appoint a successor trustee to foreclose the deed of trust. Deutsche Bank, through SPS, gave Northwest Trustee Services (NWTS) two beneficiary declarations stating that Deutsche Bank, as trustee for the First Franklin Mortgage loan trust, was the actual holder of the note.

On September 23, 2014, Deutsche Bank, through SPS, appointed NWTS as successor trustee. NWTS sent a notice of default to Cummings the next day.

NWTS recorded a notice of trustee's sale on November 11, 2014, setting a sale date for March 13, 2015. The home was sold at the trustee's sale on March 13, 2015.

On March 20, 2015, Cummings commenced this suit against MERS, Deutsche Bank, and NWTS. They claimed violations of the Deeds of Trust Act and the CPA. They sought declaratory and injunctive relief, damages, and attorney fees.

NWTS moved to dismiss all claims against it. The trial court granted that motion. Cummings sought to appeal, but a commissioner of this court directed

them to file a motion for discretionary review.[3] They did not do so, and this court dismissed that appeal.[4] That dismissal is now final.

The trial court then granted summary judgment to MERS and Deutsche Bank. Cummings's notice of appeal that is now before us designates only this order.

## SCOPE OF REVIEW

NWTS argues that the summary judgment order dismissing it from this action is not properly before this court because Cummings did not designate that order in their notice of appeal. We agree.

The notice of appeal dated November 11, 2015 designates only the order granting summary judgment to MERS and Deutsche Bank. It neither designates nor refers to the prior order dismissing NWTS. Thus, under RAP 2.4(a), the NWTS order is not before this court.

We note that Cummings attempted to appeal the order dismissing claims against NWTS in a prior notice of appeal. But a commissioner of this court decided that the order was interlocutory and not yet subject to appeal.[5] At that time, all claims of all parties had not yet been resolved. The commissioner directed Cummings to file a petition for discretionary review.[6] They did not do so.

---

[3] Cummings v. Trujillo v. Nw. Tr. Servs., Inc., No. 74264-7-I (Wash. Ct. App. May 16, 2016) (notation ruling).

[4] Id.

[5] Id.

[6] Id.

At oral argument, Cummings contended that they rely upon their earlier notice of appeal to somehow preserve for our review the earlier order of dismissal. They are mistaken.

An interlocutory notice of appeal has no effect upon consideration of a later appeal from a final judgment unless designated in that later appeal.[7] Thus, the prior notice of appeal does not change our conclusion that the prior order is not properly before us.

Under RAP 2.4(b), the appellate court reviews orders not designated in the notice of appeal when the undesignated order satisfies two elements. The order must "prejudicially affect[] the decision designated in the notice," and the order must have been entered before the appellate court accepted review of the case.[8]

As for the first element, "prejudicial effect" means that the "order appealed from would not have happened but for the" undesignated order.[9] This requires that the two orders "be so entwined that to resolve the order appealed, the court must consider the order not appealed."[10] This element is not satisfied because the dismissal of NWTS had no bearing on the subsequent order granting summary judgment in favor of MERS and Deutsche Bank.

---

[7] State v. Thorne, 39 Wn.2d 63, 65, 234 P.2d 528 (1951).

[8] RAP 2.4(b).

[9] Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 380, 46 P.3d 789 (2002).

[10] Id. at 379 (internal citation omitted).

Because of failure to meet the first element, we need not address the second.

In sum, the claims directed against NWTS are not properly before this court. Likewise, there is no need to address the remaining arguments of NWTS. We shall not address either any further.

## DEEDS OF TRUST ACT

Cummings first argues that the foreclosure of the deed of trust securing their delinquent note was wrongful. There is no merit to this claim.

Summary judgment is proper "only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[11] "A genuine issue of material fact exists if 'reasonable minds could differ on the facts controlling the outcome of the litigation.'"[12]

Summary judgment is subject to a burden-shifting scheme.[13] The movant is entitled to summary judgment by submitting affidavits establishing its entitlement to judgment as a matter of law.[14] The nonmoving party avoids summary judgment by setting forth "'specific facts which sufficiently rebut the moving party's contentions'" and disclosing the existence of a genuine issue of

---

[11] Scrivener v. Clark Coll., 181 Wn.2d 439, 444, 334 P.3d 541 (2014); see also CR 56(c).

[12] Knight v. Dep't of Labor & Indus., 181 Wn. App. 788, 795, 321 P.3d 1275 (quoting Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008)), review denied, 339 P.3d 635 (2014).

[13] Ranger Ins. Co., 164 Wn.2d at 552.

[14] Id.

material fact.[15] To accomplish this, the nonmoving party may not rely either on argumentative assertions that unresolved factual issues remain or on speculation.[16]

We review de novo a trial court's grant of summary judgment.[17]

We may affirm on any basis supported by the record whether or not the argument was made below.[18]

We start with basic principles applicable to this case. They arise from the note and deed of trust on which this foreclosure was based.

First, this court and the supreme court have both held that the holder of a promissory note is the person entitled to enforce that obligation.[19] Ownership of a note is irrelevant to the power to enforce that note.[20]

Second, the holder of the note has the power to enforce the deed of trust because the deed of trust follows the note by operation of law. In Bain v. Metropolitan Mortgage Group, Inc., the supreme court explained that the Deeds

---

[15] Id. (quoting Meyer v. Univ. of Wash., 105 Wn.2d 847, 852, 719 P.2d 98 (1986)).

[16] Id.

[17] Id.

[18] First Bank of Lincoln v. Tuschoff, 193 Wn. App. 413, 422, 375 P.3d 687 (2016).

[19] Brown v. Dep't of Commerce, 184 Wn.2d 509, 514, 359 P.3d 771 (2015); Bain v. Metro. Mortg. Grp., Inc., 175 Wn.2d 83, 104, 285 P.3d 34 (2012); Trujillo v. Nw. Tr. Servs., Inc., 181 Wn. App. 484, 502, 326 P.3d 768 (2014), rev'd on other grounds, 183 Wn.2d 820, 355 P.3d 1100 (2015).

[20] Id.

of Trust Act "contemplates that the security instrument will follow the note, not the other way around."[21] This statement is consistent with well-settled law.

Commentators have explained that "transfer of the [note] alone will carry the [deed of trust] along with it."[22] Other commentators have elaborated:

> [B]etween the parties to a transfer the assignment or negotiation of the note itself is all that must be done. It is unnecessary to have any separate document purporting to transfer or assign the mortgage on the real estate, for it will follow the obligation automatically.[23]

These two principles demonstrate that the holder of the note is entitled to enforce both it and the deed of trust securing it. Here, it is undisputed that Deutsche Bank has had possession of the note, which was indorsed in blank, at all times material to this matter. Accordingly, it is the holder of the note, which gives it the power to enforce it.

The deed of trust follows the note. Accordingly, Deutsche Bank also has the power to enforce the deed of trust, by operation of law.

Because Deutsche Bank has possession of both the note and deed of trust, with the power to enforce both, it has established a prima facie case that it is entitled to summary judgment. The burden shifts to Cummings to show the existence of a genuine issue of material fact.

---

[21] 175 Wn.2d 83, 104, 285 P.3d 34 (2012).

[22] 18 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE § 18.18 at 334 (2d ed. 2004 & updated 2016).

[23] 1 GRANT S. NELSON & DALE A. WHITMAN, PRACTITIONER TREATISE SERIES: REAL ESTATE FINANCE LAW § 5.28 at 429 (4th ed. 2002).

Cummings first argues that RCW 62A.9A-203, part of Article 9 of the Uniform Commercial Code, determines who is entitled to enforce the deed of trust. This argument is without merit.

RCW 61.24.030(7)(a), the controlling portion of the Deeds of Trust Act, states who is entitled to enforce a deed of trust that secures a delinquent note. Case authority makes clear that Article 3 controls the right to enforce a note and deed of trust under this statute.[24] Article 9 has no bearing on enforcement of a note and deed of trust.

Cummings next claims that "[t]here has never been a subsequent assignment" of the note and deed of trust to Deutsche Bank. This contention is irrelevant to the resolution of this case.

First, the note was indorsed in blank and Deutsche Bank has had possession of this note at all times material to the foreclosure. The negotiation by this indorsement is sufficient to make Deutsche Bank the holder of that instrument, entitled to enforce it. A separate assignment is not required. Thus, the purported assignment of an interest in the note by MERS is irrelevant.

Second, they argue that MERS's purported assignment of "a beneficial interest" under the deed of trust was improper. This, too, is irrelevant.

In Bain, the supreme court recognized that MERS could not appoint a successor trustee because it never held the promissory note and was thus an

---

[24] Brown, 184 Wn.2d at 528; Bain, 175 Wn.2d at 103-04.

"ineligible beneficiary" under the Deeds of Trust Act.[25] MERS thus lacked any rights to confer on a successor trustee.[26]

But the lack of a valid assignment by MERS does not preclude Deutsche Bank's ability to enforce the deed of trust in this case. That is because it has possessed the note at all times material to the foreclosure.

As we previously discussed in this opinion, the deed of trust follows the note. So when the bank obtained possession of the note, the deed of trust followed it, by operation of law. Deutsche Bank possessed both the note and deed of trust at all times that are material to the foreclosure. MERS's lack of a "beneficial interest" under the deed of trust to assign to the bank is irrelevant.

Cummings also argues that MERS's assignment of its purported interest under the deed of trust to Deutsche Bank was improper because it was made over five years after the loan trust closed. As such, they contend this loan did not become a "qualified mortgage" under 26 U.S.C. § 860 of the federal tax code. This too is irrelevant to Deutsche Bank's right to foreclose. There is no persuasive explanation why a MERS assignment, whether or not it complies with the federal tax code, affects enforceability of the note and deed of trust in this case. Accordingly, we reject this argument.

Cummings further contends that the assignment was untimely, given the terms of the loan trust's Pooling and Servicing Agreement. But this record does not contain a copy of this agreement. It is appellant's burden to provide an

---

[25] 175 Wn.2d 83, 105, 285 P.3d 34 (2012).

[26] Id.

adequate record for review, and they have failed in this burden. Thus, we need not address this argument any further.[27]

Cummings next argues that the MERS assignment was invalid because MERS did not exchange value for the note. They base this contention on the mistaken notion that Article 9 of the UCC governs. It does not. Moreover, the MERS assignment, as we already explained in this opinion, is irrelevant to the authority of the bank to enforce the note and deed of trust.

For these reasons, we conclude that Cummings has failed to show there are any genuine issues of material fact for their claim that either Deutsche Bank or MERS violated the provisions of the Deeds of Trust Act. MERS and Deutsche Bank are entitled to judgment as a matter of law.

## CONSUMER PROTECTION ACT

Cummings brings several claims under the CPA. To succeed on these claims, Cummings must show "(1) an unfair or deceptive act, (2) in trade or commerce, (3) that affects the public interest, (4) injury to the plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive act complained of and the injury suffered."[28] A claimant must establish all five elements to prevail.[29]

---

[27] See Darkenwald v. Emp't Sec. Dep't, 183 Wn.2d 237, 248, 350 P.3d 647 (2015); RAP 10.3(a)(6).

[28] Trujillo v. Nw. Tr. Servs., Inc., 183 Wn.2d 820, 834-35, 355 P.3d 1100 (2015).

[29] Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d 59, 74, 170 P.3d 10 (2007).

Whether a particular action constitutes a CPA violation is reviewable as a question of law.[30]

The only CPA claims that we consider are those made against MERS and Deutsche Bank.

*MERS*

Cummings claims that the purported assignment by MERS of its "beneficial interest" under the deed of trust is presumptively deceptive. We must agree.

Here, MERS purported to assign its "beneficial interest" in the note and deed of trust to Deutsche Bank by an instrument dated October 6, 2011. But MERS never held the note in which it claims an interest. Deutsche Bank held the note at all times material to the foreclosure. And MERS never had a beneficial interest in the deed of trust.

As our supreme court explained in Bain, "characterizing MERS as the beneficiary has the capacity to deceive."[31] Thus, that court held that listing MERS in the deed of trust as a beneficiary is presumptively deceptive.

Deutsche Bank and MERS respond to this argument by pointing to Bain's holding that "the mere fact MERS is listed on the deed of trust as a beneficiary is not itself an actionable injury."[32] While this is true inasmuch as a claimant must

---

[30] Leingang v. Pierce County Med. Bureau, Inc., 131 Wn.2d 133, 150, 930 P.2d 288 (1997).

[31] 175 Wn.2d at 117.

[32] Id. at 120.

also show a separate injury, it does not alter the presumption that MERS acts deceptively when it improperly lists itself as having a "beneficial interest" under a deed of trust where it has no such interest.

Bain controls this issue. We are constrained to conclude that MERS representing that it has a "beneficial interest" under a deed of trust in a recorded assignment of that deed of trust that gives notice of its contents is presumptively deceptive.

But that conclusion does not end our inquiry. Cummings must also show a genuine issue of material fact as to causation. They have not.

Deutsche Bank is the holder of the note. As we previously discussed, the deed of trust and the power to enforce it follow the note.[33] Here, Deutsche Bank's possession of the note, and not any purported assignment by MERS, gave Deutsche Bank the power to foreclose. Thus, there is no injury causally connected to the purported assignment by MERS.

The absence of a genuine issue of material fact as to this necessary element makes all other factual issues for the other elements of the CPA claim immaterial for summary judgment purposes. The trial court properly granted summary judgment in favor of MERS on this claim.

*Deutsche Bank*

Cummings also challenges Deutsche Bank's actions in appointing NWTS as successor trustee, arguing that the appointment violated the CPA as an unfair

---

[33] Id. at 104. See also STOEBUCK & WEAVER, supra, § 18.18; NELSON & WHITMAN, supra, 5.28.

and deceptive act. They mount two arguments to support this contention. First, Cummings argues that such conduct was impermissible because Deutsche Bank only held the note. As discussed throughout this opinion, the power to enforce a note and deed of trust derives from possession of the note. This first challenge fails.

Second, Cummings argues that Deutsche Bank could not appoint the successor trustee through use of an agent, SPS. Even if Deutsche Bank could use an agent, Cummings alleges that SPS was not an agent but instead an independent contractor. Cummings argues a beneficiary cannot act through an independent contractor.

The supreme court has explicitly permitted the use of agents in appointing a successor trustee.[34] Thus, Cummings's argument on this point lacks merit.

A beneficiary cannot employ an independent contractor to appoint a successor trustee so that such beneficiary remains accountable for its conduct.[35] In Rucker v. NovaStar Mortgage, Inc., we concluded that a beneficiary does not make another party its agent by an agreement explicitly "intended by the parties to be that of an independent contractor and not that of a joint venture, partner or agent."[36]

---

[34] Id. at 106.

[35] Rucker v. NovaStar Mortg., Inc., 177 Wn. App. 1, 16, 311 P.3d 31 (2013).

[36] Id. at 15-16 (emphasis omitted).

14

Here, SPS was not an independent contractor. On June 5, 2014, Deutsche Bank executed an agreement granting limited power of attorney to SPS to make certain carefully specified transactions. The agreement authorizes SPS to take such actions "in the name" of Deutsche Bank, the principal. It specifies that SPS's authority is limited to its enumerated transactions and does not extend to a general power of attorney. It does not authorize SPS to conduct litigation in Deutsche Bank's name.

As such, this agreement is unlike that in Rucker. That case has no bearing here.

Cummings has failed to show a genuine issue of material fact that Deutsche Bank violated the CPA. The bank is entitled to judgment as a matter of law.

We affirm the order granting summary judgment to Deutsche Bank and MERS.

Cox, J.

WE CONCUR:

Leach, J.

Becker, J.

15