This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41189

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**JOSE O. ROMERO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Aletheia V.P. Allen, Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Mallory E. Harwood, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## DISPOSITIONAL ORDER

**BACA, Judge.**

Defendant Jose Romero was charged with aggravated driving under the influence (DUI) of intoxicating liquor or drugs, contrary to NMSA 1978, Section 66-8-102(D)(3) (2016), among other offenses. This matter is on appeal from the district court's order granting Defendant's motion to suppress blood evidence. After careful review and consideration of the briefs, applicable law, and the record, we affirm.

1.      "A motion to suppress evidence is a mixed question of law and fact. We review the factual analysis for substantial evidence and review the legal analysis de novo." *State v. Davis*, 2018-NMSC-001, ¶ 10, 408 P.3d 576 (internal quotation marks and citation omitted). "With regard to the factual question, we review the facts in a light most favorable to the prevailing party, as long as the facts are supported by substantial evidence." *State v. Vandenberg*, 2003-NMSC-030, ¶ 18, 134 N.M. 566, 81 P.3d 19.

2.      In support of the district court's suppression order, Defendant principally argues that he successfully challenged the veracity of the officer affiant's (Affiant) statements in the search warrant affidavit under the standard articulated in *State v. Fernandez*, 1999-NMCA-128, ¶¶ 28-32, 34, 128 N.M. 111, 990 P.2d 224. While the State acknowledged this issue on appeal, the State did not address preservation of this issue or any other in its brief in chief, contrary to our appellate rules. *See* Rule 12-318(A)(4) NMRA. In addition, we are not persuaded by the State's contention in its reply brief that Defendant did not preserve a challenge to the veracity of Affiant's statements in the search warrant affidavit.

3.      Defendant alleged in his motion to suppress that "[Affiant] stated in his [a]ffidavit for [s]earch [w]arrant . . . that '[Defendant] had three other convictions for DUI,' which if true, would have satisfied the requirements of [NMSA 1978, S]ection 66-8-111(A) [(2005)]." "However, *this is not true.*" "[Defendant] has only one prior conviction for a DUI." "Another DUI was charged but later dismissed." Defendant also cited the magistrate and district court case numbers reflecting his prior conviction for DUI and his DUI charge that was later dismissed.

4.      The district court held a hearing on Defendant's motion to suppress, during which it inquired beyond the four corners of the affidavit and questioned Affiant—an indication that the court was assessing Affiant's veracity rather than simply reviewing whether the affidavit "provide[d] a substantial basis to support a finding of probable cause." *See State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376. *Compare id.* ¶ 31 (stating that when reviewing whether there is a substantial basis for the probable cause determination, the court is limited to the four corners of the search warrant affidavit), *with Fernandez*, 1999-NMCA-128, ¶¶ 28-32, 34 (stating that even if an affidavit is facially sufficient, a defendant is entitled to a hearing that "delves below the surface" of the affidavit if the defendant makes a showing that the statement constitutes either a "deliberate falsehood" or a "reckless disregard for the truth" as to a material fact (internal quotation marks and citations omitted)). At the hearing, defense counsel asked Affiant to point him to where on the Triple-I Report Defendant's convictions are listed. Affiant responded that he could not say whether Defendant was convicted or not, and that the disposition is often unavailable on National Crime Information Center (NCIC) reports because the charges are sometimes later pled down in court. Affiant thereafter twice reaffirmed that, contrary to the statement he made in his Affidavit, he did not know whether Defendant had three prior DUI convictions at the time he applied for the search warrant.

5.      Ultimately, the district court granted the motion to suppress, finding that "[Affiant] lacked probable cause to believe that Defendant had committed a felony while under the influence of alcohol or a controlled substance, as required by [Section] 66-8-111(A) for obtaining a search warrant authorizing chemical tests"; and that "[Affiant's] statement in his [a]ffidavit for [s]earch [w]arrant that Defendant had three prior DUI convictions was incorrect and a misstatement of what was actually reflected in Defendant's NCIC, and therefore, the search warrant obtained by [Affiant] was unlawful." Based on the above, we conclude that Defendant sufficiently preserved a challenge to the veracity of Affiant's statement. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked."). Concluding Defendant preserved his challenge to the veracity of the Affiant's statement, we thus return to the State's contentions on the merits.

6.      "There is a presumption of correctness in the district court's rulings. Accordingly, it is [the appellant's] burden on appeal to demonstrate any claimed error below." *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (alterations, internal quotation marks, and citation omitted). Although the State's brief in chief contains two paragraphs setting forth the correct legal framework for reviewing a motion to suppress that challenges an affiant's veracity, the State fails to argue how the district court erred under that standard. *See Fernandez*, 1999-NMCA-128, ¶¶ 28-32, 34; *see also State v. Donaldson*, 1983-NMCA-064, ¶ 17, 100 N.M. 111, 666 P.2d 1258 (evaluating the materiality of any asserted falsehood based on whether, "had the information been set out or correctly stated in the affidavit, it would have altered a reasonable magistrate's determination of probable cause"). Stated otherwise, the State failed to develop its argument. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain an argument that included no explanation in support of the party's argument and no facts that would allow this Court to evaluate the claim).

7.      In its reply brief, the State asserts that the district court did not conclude that Affiant's statements "included deliberate misrepresentations or statements resulting from a reckless disregard" for the truth. In support, the State points to some of the district court's oral commentary during the hearing on the motion to suppress. We reject this assertion because the district court expressly stated at the hearing that it was not yet making findings. Moreover, the oral statements of a judge made during a hearing are subject to modification until formalized in a written order. *See Enriquez v. Cochran*, 1998-NMCA-157, ¶ 25, 126 N.M. 196, 967 P.2d 1136 (stating that "[f]ormal written orders filed of record normally supersede oral rulings, and oral rulings cannot normally be used to contradict written orders"); *State v. Morris*, 1961-NMSC-120, ¶ 5, 69 N.M. 89, 364 P.2d 348 (explaining that "[a]n oral ruling by the trial judge is not a final judgment. It is merely evidence of what the court had decided to do but [they] can change such ruling at any time before the entry of a final judgment").

8.      For the reasons expressed herein, we conclude that the State has failed to demonstrate that the district court erred. We affirm.

**IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**MEGAN P. DUFFY, Judge**